UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:21-CV-81565-DMM

WILLIAM DAVID WILCOX JR. a/k/a
DAVID WILCOX, an individual, and
MEGAN DANIELLE LUCHEY, and
individual,

       Plaintiffs,

v.

LA PENSEE CONDOMINIUM
ASSOCIATION, INC., a Florida Not-For-
Profit Corporation, MARY MCFADDEN, an
individual, MAC RESIDENTIAL
MANAGEMENT SERVICES, LLC, A
Florida Limited Liability Company, and
DAVID WOLFF a/k/a DAVID WOLF, an
individual,

       Defendants.

_____/

## DEFENDANTS MARY MCFADDEN AND MAC RESIDENTIAL MANAGEMENT SERVICES, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

Defendants MAC Residential Management Services, LLC ( "Defendant MAC") and Mary

McFadden ("Defendant McFadden") (or collectively as "Defendants"), by and through their

undersigned counsel, pursuant to Fed.R.Civ.P. 12(b)(6) and Rule 7.1 of the Local Rules for the

United States District Court for the Southern District of Florida, hereby file their Motion to

Dismiss Plaintiffs William David Wilcox, Jr. a/k/a David Wilcox and Megan Danielle Luchey's

Complaint [D.E. 1] (hereinafter referred to as the "Complaint") with Incorporated Memorandum of Law, and as grounds in support thereof, states as follows:

## I.   PROCEDURAL HISTORY

1.     On September 3, 2021, Plaintiffs filed a Complaint [DE 1] in this action against, among other parties, Defendants Mary McFadden and MAC Residential Management Services, LLC as Defendants.  On September 3, 2021, Summons were issued in this matter as to Defendants Mary McFadden and MAC Residential Management Services, LLC.

2.     The Complaint and Summons were served on Defendants Mary McFadden and MAC Residential Management Services, LLC on or about September 4, 2021, which provided for a response date under the Federal Rules of Civil Procedure of September 27, 2021.

3.     Thereafter, Defendants MAC and McFadden were granted an extension of time to respond to the Plaintiffs' Complaint through October 8, 2021.

## II.   BACKGROUND OPERATIVE FACTS

4.     Plaintiffs' Complaint attempts to allege three (3) causes of actions against all Defendants in this action: (1) Retaliation Under the Fair Housing Act, (2) Interference, Coercion, or Intimidation (§ 760.37, Fla. Stat.), and (3) Intentional Infliction of Emotional Distress.

5.     As will be set forth herein, Plaintiffs' Complaint must be dismissed as Plaintiffs have failed to state a cause of action for which relief can be granted against Defendants MAC and McFadden, and Plaintiffs have failed to specifically state what Defendants MAC or McFadden did to support the claims raised against them in this action.

6.       As will be set forth in the memorandum of law below, the Court must dismiss the claims against Defendants MAC and McFadden.

## III.    LEGAL ARGUMENTS (Memorandum of Law)

### A.    Motion to Dismiss Standard.

7.       The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contrast between the parties about the facts or the substantive merits of the plaintiff's case." See *Ventrassist Pty Ltd. vs. Heartware, Inc.*, 377 F.Supp.2d 1278, 1285 (S.D. Fla. 2005). When ruling on a motion to dismiss, the scope of the court's review is "limited to the four corners of the complaint," *St. George vs. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002); and "the facts stated in the complaint and all reasonable inferences therefrom are taken as true," *Jackson vs. Birmingham Bd. of Educ.*, 309 F.3d 1333, 1335 (11th Cir.2002). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief." *Ventrassist,* at 1285.

8.       "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See, *Ashcroft vs. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. vs. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausible standard," a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

**B.     Plaintiffs' Complaint has failed to allege any specific and detailed allegations against Defendants MAC and McFadden in Counts I, II or III, and is Otherwise a "Shotgun Pleading".**

9.     The allegations in Plaintiffs' Complaint fail to comply with Rule 10(b) of the Federal Rule of Civil Procedure, which requires that all averments of the claim shall be included in separate paragraphs. The Rule also requires that the contents of each paragraph shall be limited as far as practicable to a statement of a single set of circumstances. The Rule further requires that each claim founded upon a separate transaction or occurrence shall be stated in a separate count whenever a separation facilitates the clear presentation of the matter set forth. See *Veltman vs. Walpole Pharmacy, Inc.*, 928 F.Supp. 1161, 1163-1164 (M.D. Fla. 1996).

10.     Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See, Rule 8(a) of the Federal Rules of Civil Procedure. "Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." *Pro Image Installers, Inc. vs. Dillon*, 2009 WL 112953, at *1 (N.D. Fla. Jan. 15, 2009) (citing *Atuahene vs. City of Hartford*, 10 F.App'x 33, 34 (2d Cir. 2001)). Although a complaint against multiple defendants is usually read as making the same allegations against each defendant individually, see *Crowe vs. Coleman*, 113

F.3d 1536, 1539 (11th Cir. 1997), "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A shotgun pleading is one which fails to make the connection between "the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). Accordingly, at times, a plaintiff's "grouping" of defendants in a complaint may even require a more definite statement. See *Veltman*, 928 F.Supp at 1164. *Williams vs. Wells Fargo Bank, N.A*, 2011 WL 4901346 (S.D. Fla. 2011).

11.      In this instant action, Plaintiffs' Complaint is deficient as to any specific allegations that were taken by Defendants MAC or McFadden to support violations of the Federal Fair Housing Act or the Florida State counterpart under §760.37, Fla. Stat. Plaintiffs have alleged in their Complaint at Count I (Retaliation under the Fair Housing Act) and Count II (Interference, Coercion, or Intimidation § 760.37, Fla. Stat.) the following specific facts that are alleged to support the respective cause of action set forth in Counts I and II:

- Defendant Wolff yelled at Defendant Luchey "niggers don't belong here"
- Making up lies about David violating non-existent rules and regulations of the Association
- Causing Ms. Burnett (Association's attorney) to demand information from David about Zeus in order for him to be approved by the Association as a service animal, when Zeus was allegedly already approved 6 months earlier
- Trying to intimidate Manzo into causing 303 to evict Plaintiffs
- Filing of a Florida State Court case

*See* paras. 107 and 111 of the Plaintiffs' Complaint.

12.      In the above paragraphs of Plaintiffs' Complaint, there lacks any specific claims against Defendants MAC or McFadden that any of the alleged actions were actually performed or

acted upon by Defendants MAC or McFadden, other than a general lumping of all Defendants in the concluding paragraph of each Count. In fact, Defendants MAC and McFadden are not even specifically mentioned within these specific factual allegations that Plaintiffs purport support the claims in Counts I and II. Moreover, the Plaintiffs' attempt to allege a claim for intentional infliction of emotional distress (in Count III), but this claim also suffers from the same pleading deficiency, i.e. a shotgun pleading approach, and must also be dismissed.

13.     Based on Plaintiffs' improper commingling and lumping of all Defendants as a shotgun pleading in Counts I, II and III of the Complaint, and without any specific factual allegations raised against Defendants MAC and McFadden to support the claims raised in Counts I, II and III, Plaintiffs' Complaint must be dismissed.

14.     Therefore, based on the above, Defendants MAC and McFadden respectfully move for this Court to dismiss, Counts I, II and III of the Plaintiff's Complaint.

**C.     Plaintiffs' Complaint fails to state a cause of action for intentional infliction of emotional distress and must be dismissed.**

15.     When a federal court is assessing a Florida state-law claim, i.e. intentional infliction of emotional distress, the federal court is bound to the law of the State of Florida. See *Lopez v. Target Corp.*, 676 F.3d 1230, 1236-37 (11th Cir. 2012). In Florida, in order to state a cause of action for intentional infliction of emotional distress, the pleader must show that: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Williams v. Worldwide Flight SVCS., Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004). "Outrageous conduct is conduct that is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency.'" *Id*. (quoting *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985). "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Scheller v. American Medical Intern., Inc.*, 502 So. 2d 1268 (Fla. 4th DCA 1987). **"The liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities…There is no occasion for the law to intervene in every case where someone's feelings are hurt."** *Id*. (Emphasis added).

16.     "Florida courts have been reluctant to find claims for intentional infliction of emotional distress based solely on allegations of verbal abuse." *De La Campa v. Grifols Am., Inc.,* 819 So. 2d 940, 943-44 (Fla. 3d DCA 2002) (per curiam). Likewise, "[i]t is not enough that the defendant intended criminal or tortious conduct, or to inflict emotional distress, and it is not enough if the conduct was characterized by malice or aggravation which would entitle the plaintiff to punitive damages for another tort." *Knezevich v. United States*, 2019 U.S. Dist. LEXIS 20939 at *16 (M.D. Fla. Jan. 15, 2019) quoting (*Blumenthal v. Smith,* Case No: 6:17-cv- 975-Orl-40TBS, 2018 WL 3067910, at *3 (M.D. Fla. Feb. 26, 2018)).

17.     In considering whether the facts alleged qualify as sufficiently outrageous to support a claim for intentional infliction of emotional distress, Florida courts apply a very high standard. *Id*. citing to *Foreman v. City of Port St. Lucie*, 294 F. App'x 554, 557 (11th Cir. 2008).

18.     For example, in *Williams*, the plaintiff was seeking damages from his employer for the employer using derogatory and racist terminology aimed at the plaintiff.  The court found for the employer holding "that the conduct the plaintiff complained about did not rise to the level that

may be reasonably regarded as so extreme and outrageous to permit a recovery for intentional infliction of emotional distress." *See also, Lay v. Roux Laboratories*, 379 So. 2d 451 (Fla. 1st DCA 1980) (threats to plaintiff losing her job, humiliating language, vicious verbal attacks, and racial epithets, and court found all such conduct failed to reach the levels of outrageous levels to support claim for intentional infliction of emotional distress and dismiss claim); *Ponton v. Scarfone*, 468 So. 2d 1009 (Fla. 2d DCA 1985) (court found that utterances designed to get plaintiff to join defendant in sexual liaison did not fall within a zone of conduct that supported a cause of action for intentional infliction of emotional distress); *De La Campa v. Grifols Am., Inc.*, 819 So. 2d 940 (Fla. 3d DCA 2002) (supervisor's derogatory comments regarding employees sexual orientation and intentional exclusion from social functions because of employee's sexual orientation did not rise to the level of outrageousness to support a claim for intentional infliction of emotional distress); and *Laston v. Hartford Ins.*, 2006 U.S. Dist. Lexis 10669 (M.D. Fla., February 28, 2006) (court found that employer's intimidation, threats, harassment, and claims that plaintiff would lose her job due to medical leave for pregnancy, and thereafter resulting miscarriage did not rise to level of outrageousness to support cause of action for intentional infliction of emotional distress).

19.     As can be set forth in the above cases, the conduct alleged must be outrageous in character, extreme in degree and go beyond all possible bounds of decency. Plaintiffs' allegations in the Complaint fail to meet this high standard as plead. Furthermore, Florida courts have also declined to find liability when alleged conduct constitutes insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Plaintiffs have also failed to plead where any conduct on the part of Defendants MAC or McFadden was intentional, or even reckless, to satisfy the first

element for intentional infliction of emotional distress. In addition, Florida courts have declined to impose liability in cases with more egregious conduct than what was alleged by Plaintiffs, including the bare or conclusory allegations against Defendants MAC and McFadden.

20.     Lastly, Plaintiffs' allegations in Count III are nothing more than an incorporation of the general facts and solely a recitation of the elements of a cause of action for intentional infliction of emotional distress, which is insufficient as plead. There is no specific conduct alleged to have been conducted by Defendants MAC or McFadden to support a cause of action for intentional infliction of emotional distress. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft,* 556 U.S. at 678.

21.     Therefore, based on the above, Defendants MAC and McFadden respectfully move for this Court to dismiss *with prejudice* Count III of the Plaintiffs' Complaint for failing to state a cause of action for which relief can be granted.

## IV.   CONCLUSION

22.     Based on the foregoing, dismissal is warranted because Plaintiffs' Complaint fails to state a cause of action for which relief can be granted in Counts I, II, and III against Defendants MAC and McFadden. Accordingly, the Court must dismiss Plaintiffs' Complaint as set forth herein above.

WHEREFORE, Defendants MAC Residential Management Services, LLC and Mary McFadden, respectfully requests this Court enter an Order dismissing Plaintiffs' Complaint, awarding its attorneys' fees and costs for defending this action under Counts I and II, and any and all further relief this Court deems just and proper under the circumstances.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded

via CM/ECF delivery to All Counsel/Parties in this action via the CM/ECF Portal on this 8th day

of October 2021.

Respectfully submitted,

**ISRAEL, ISRAEL & ASSOCIATES, P.A.**
Attorneys for Defendants Mary McFadden and MAC
Residential Management Services, LLC
6099 Stirling Road | Suite 211
Davie | FL 33314
Telephone:     (954) 495-8602
Facsimile:      (954) 495-4770
www.israellawfl.com


By:       s/*David B. Israel*_____
          David B. Israel, Esq.
          Florida Bar No.: 0984078
          disrael@israellawfl.com
          Eric J. Israel, Esq.
          Florida Bar No.: 1003655
          ejisrael@israellawfl.com
          israellawfl@gmail.com