**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division

Case No.: 9:21-cv-81565-DMM

WILLIAM DAVID WILCOX, JR., a/k/a DAVID WILCOX, an
individual, and MEGAN DANIELLE LUCHEY, an individual,

    Plaintiffs,

v.

LA PENSEE CONDOMINIUM ASSOCIATION, INC., a Florida
Not-For-Profit Corporation, MARY McFADDEN, an individual,
MAC RESIDENTIAL SERVICES, LLC, a Florida Limited Liability
Company, and DAVID WOLF a/k/a DAVID WOLF, an individual,

    Defendants.

_____/

**DEFENDANTS LA PENSEE CONDOMINIUM ASSOCIATION AND DAVID WOLF'S
MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE
STATEMENT IN RESPONSE TO PLAINTIFFS' WILLIAM DAVID
WILCOX, JR. AND MEGAN DANIELLE LUCHEY'S COMPLAINT**

COME NOW, Defendants, LA PENSEE CONDOMINIUM ASSOCIATION, INC.

(hereinafter "the Association") and DAVID WOLF ("WOLF")(collectively "Defendants"), by and

through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6),

8(a)(1), 8(a)(2) and 12(e), hereby files their Motion to Dismiss Plaintiffs, WILLIAM DAVID

WILCOX, JR. ("WILCOX") and MEGAN DANIELLE LUCHEY's ("LUCHEY")(collectively

"Plaintiffs") Complaint, or in the alternative, Motion for More Definite Statement, and as grounds

in support thereof, state as follows:

## I.    FACTUAL & PROCEDURAL BACKGROUND

On or about September 3, 2021, Plaintiffs filed the instant Complaint[1] against the

Association, WOLF (Association Director), Mary McFadden (the Association's property

---

[1] The Court should note that on or about September 22, 2021, Plaintiffs filed a Counterclaim and Third Party Complaint against the Association and all of its current Board Members in the Palm Beach County Circuit Court Case

manager), and MAC Residential Services, LLC (the Association's property management company) seeking monetary relief and damages pursuant to the Federal Fair Housing Act, 42 U.S.C. §§ 3617 and F.S. §760.37 related to the rental of Unit #303 from owner, La Pensee 303, LLC, who is a member of the Association. Plaintiffs allege a variety of convoluted and rambling alleged discriminatory acts against all defendants throughout their eighteen (18) page Complaint (*without exhibits*).

As pertains to Defendant WOLF, Plaintiffs contend that WOLF got in LUCHEY's face for no apparent reason when she was exiting the elevator and yelled, "niggers don't belong here!" *See* Compl. ¶ 57. While Defendant WOLF emphatically denies this encounter ever took place, it is telling that Plaintiffs did not call the police regarding this issue for two weeks. *Id* at ¶ 77. Moreover, in Plaintiff WILCOX's reporting of the incident to the Palm Beach County Sheriff's Office, there is no reference to the encounter taking place in an elevator for no apparent reason as alleged in the Complaint.

Next, there is an assortment of other acts and miscommunications alleged including: 1) Plaintiffs' lease missing pages when transmitted to Mary McFadden and discrepancies regarding the duration of the lease; 2) a resident (Lizzie Dunn) sitting on her balcony with her mother and commenting, "well that ain't going to work" when she noticed LUCHEY was African American; 3) certain unit owners alleging someone standing on Plaintiffs' balcony vomited off the balcony when Plaintiffs contend that the projectile was food from a leftover Association Board meeting; and 4) allegations that Plaintiffs' service animal was barking when Plaintiffs contend it was a different dog owned by another unit owner. *See generally* Compl.

---

bearing Case No.: 2021-CA-009343XXXXMB. The claims and allegations in the state court lawsuit arise out of the same core of operative facts as the federal Complaint.

Nevertheless, Plaintiffs filed a three-count Complaint against all Defendants with all of the claims lumped together in three causes of action. The Complaint seeks damages and other relief as follows: (Count I) Retaliation Under the Fair Housing Act; (Count II) Interference, Coercion, or Intimidation [Fla. Stat. 760.37]; and (Count III) Intentional Infliction of Emotional Distress. For the reasons stated *infra*, the Court must dismiss Plaintiffs' Complaint *with prejudice*. In the alternative, the Association and WOLF seek a more definite statement from Plaintiffs.

## II.   LEGAL STANDARD ON MOTION TO DISMISS

### A.  Motion to Dismiss Standard

A motion to dismiss for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims set forth in the Complaint. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must generally accept as true the material allegations set forth in the complaint, the Court is not prohibited from examining "whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagoplan*, 978 F. 2d 1115, 1121 (9th Cir. 1992).

Conclusory allegations of law and unwarranted inferences in the complaint will not defeat a Rule 12(b)(6) motion. *Browning v. Clinton*, 292 F. 3d 235, 242 (D.C. Cir., 2002); *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F. 3d 1268, 1271 (11th Cir. 2002). In fact, "Rule 12(b)(6) allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing litigants the burden of unnecessary pretrial and trial activity." *Parham v. Pepsico, Inc.,* 927 F. Supp. 177, 40 U.S.P.Q. 2d 1060 (D.N.C. 1995).

### B.  Motion for Definite Statement Standard

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.“ A motion for more definite statement will only be granted where the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself.” *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 665 (S.D. Fla. 1999)*( citing Campbell v. Miller,* 836 F.Supp. 827, 832 (M.D.Fla.1993)).

### III.   **LEGAL ARGUMENT**

#### A.  **Plaintiffs' Complaint Must be Dismissed in its Entirety because it is the Classic  "Shotgun Pleading"**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). Shotgun pleadings fail to make the connection between "the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Complaint is nevertheless a shotgun pleading in that it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions . . . ." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id* at 1223.

In the case *sub judice*, it is virtually impossible for the Association and Defendant WOLF to determine which claims have been pled against them and on what basis because there are separate causes of action alleged against multiple defendants in each of the three causes of action. For instance, all defendants are named in all three counts. Plaintiffs' Complaint fails to differentiate as between the four named parties which did what to constitute the claims asserted. Therefore, it is impossible for each of the four named defendants to discern how the allegations against them differ and/or are similar from the remaining defendants.

As relates to the Association and WOLF this is exacerbated because Plaintiff's central allegation  against WOLF arises from an alleged incident in an elevator between Plaintiff LUCHEY and Defendant WOLF which had absolutely nothing to do with Association business and/or Director WOLF carrying out Association business. Thus, there is no nexus and/or connection between the alleged violation of the FHA and what the Association did and/or did not do other than an opaque reference to an eviction action upon the conclusion of Plaintiff WILCOX's leasehold. Moreover, Defendant WOLF is unable to discern how such as statement, even if true, which Defendant WOLF vehemently denies, standing alone violates the FHA. Accordingly, Plaintiffs' shotgun pleading against these Defendants fails to state claim upon which relief can be granted.

Additionally, the wherefore clauses in each count, fail to identify the relief sought from each individual defendant and are also lumped together. Accordingly, Plaintiffs' Complaint must be dismissed *with prejudice*.

B.  **Plaintiffs Failed to State a Claim for Intentional Infliction of Emotional Distress**

The elements of the tort of intentional infliction of emotional distress are: (1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew

or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotion[al] distress; and (4) the emotional distress was severe. *Gallogly v. Rodriguez*, 970 So. 2d 470, 471 (Fla. 2d DCA 2007). The Florida Supreme Court has defined outrageous conduct as conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 279 (Fla.1985) (adopting standard set forth in the Restatement (Second) of Torts, section 46 cmt. d (1965) for evaluating claim for intentional infliction of emotional distress). What constitutes outrageous conduct is a question for the trial court to determine as a matter of law. *De La Campa v. Grifols Am., Inc*., 819 So. 2d 940, 943 (Fla. 3d DCA 2002).

Here Plaintiffs' only allegations of conduct as to WOLF is that he stated without any factual predicate or context to Plaintiff LUCHEY, "niggers don't belong here." This allegation is clearly not sufficient to support a claim for intentional infliction of emotional distress. As to the Association, the allegation is that they sought to evict Plaintiffs for staying beyond the time permitted in the lease. It is unclear that there are any other allegations regarding the Association as a corporate entity and how it could have possibly violated the FHA and/or committed the Florida tort claims alleged. Florida courts have dismissed claims for intentional infliction of emotional distress wherein the Plaintiff alleged much more egregious conduct than the actions alleged by Plaintiffs in their Complaint. *See Ponton v. Scarfone*, 468 So.2d 1009 (Fla. 2d DCA 1985) (statements made to induce employee to join sexual liaison did not establish intentional infliction of emotional distress); *Lay v. Roux Laboratories*, 379 So.2d 451 (Fla. 1st DCA 1980) (threatening plaintiff with job, using humiliating language, vicious verbal attacks and racial

epithets deemed insufficient to serve as predicate for claim of intentional infliction of emotional distress); *De La Campa v. Grifols Am., Inc.*, 819 So. 2d 940, 943 (Fla. 3d DCA 2002)(Supervisors derogatory comments regarding employees sexual orientation and intentional exclusion of employee from social functions because of employee's sexual orientation did not rise to the level of outrageousness that was required in a claim for intentional infliction of emotional distress in employment context.); *see Gillyard v. Delta Health Group, Inc.*, 757 So. 2d 601, 602 (Fla. 5th DCA 2000)(dismissing claim with prejudice and holding that a nursing home's conduct in discharging employee for refusing to report to work following governor's and county's mandatory evacuation orders did not rise to the level of conduct beyond the bounds of decency and utterly intolerable in a civilized society as required for a claim of intentional infliction of emotional distress).

Here, Plaintiffs cannot amend their Complaint to state a cause of action against WOLF or the Association for intentional infliction of emotional distress because they can never – without asserting frivolous claims - assert allegations that are of the atrocious or "utterly intolerable" nature necessary to state a claim for intentional infliction of emotional distress. The alleged conduct of using a racial epithet or seeking to evict a resident due to the lease term expiring or a violation of the governing documents clearly do not rise to the level of conduct that is required for a claim of intentional infliction of emotional distress. Accordingly, the Court must dismiss Count III of Plaintiffs' Complaint *with prejudice*.

## C. If the Court Denies the Association and WOLF's Motion to Dismiss, the Court should grant their Motion for a More Definite Statement

In the alternative, the Court should require Plaintiffs to provide a more definite statement. It is wholly unclear as to whether the allegations against WOLF are in his capacity as a Board member or as a resident/owner within the Association. Thus, the Association is unclear as to the

allegations made against them as a corporate entity and whether the allegations against WOLF could possibly pass through to it under these circumstances. Furthermore, because each of the three counts in the Complaint are alleged against all defendants, it is vague and ambiguous as to the claims made against each individual defendant.

### IV.    <u>CONCLUSION</u>

WHEREFORE, Defendants, LA PENSEE CONDOMINIUM ASSOCIATION, INC. and DAVID WOLF, hereby respectfully request this Honorable Court enter an Order dismissing Plaintiffs' Complaint *with prejudice,* or, in the alternative, enter an Order requiring Plaintiffs to provide a more definite statement, and awarding any and all other relief this Court deems just and proper, including but not limited to Defendants' reasonable attorneys' fees and costs pursuant to Florida Chapter 718.

Respectfully submitted,

*/s/ Andrew J. Marchese*
**ANDREW J. MARCHESE**
Florida Bar Number: 061931
**JOELLE J. VOGEL**
Florida Bar Number: 1002659
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
*Counsel for La Pensee Condominium*
*Association, Inc., and*
*David Wolff a/k/a David Wolf*
2400 East Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
T:  (954) 847-4920; F:  (954) 627-6640
ajmarchese@mdwcg.com; jjvogel@mdwcg.com;
mdlincoff@mdwcg.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **October 8, 2021**, I e-mailed or mailed the foregoing document to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Richard S. Lubliner, Esq.**
Lubliner Law, PLLC
1645 Palm Beach Lakes Blvd., Suite 1200
West Palm Beach, Fl 33401
rich@lubliner-law.com
Carolina@lubliner-law.com

*/s/  Andrew J. Marchese*
ANDREW J. MARCHESE

LEGAL/141494565.v1