UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:21-cv-81565-DMM

WILLIAM DAVID WILCOX, JR., a/k/a
DAVID WILCOX, an individual, and MEGAN
DANIELLE LUCHEY, an individual,

    Plaintiffs,

v.

LA PENSEE CONDOMINIUM ASSOCIATION, INC.,
a Florida Not-For-Profit Corporation, MARY McFADDEN,
an individual, MAC RESIDENTIAL SERVICES, LLC,
a Florida Limited Liability Company, and
DAVID WOLFF a/k/a DAVID WOLF, an individual,

    Defendants.
_____/

**LA PENSEE CONDOMINIUM ASSOCIATION, INC. AND DAVID WOLF'S
REPLY IN SUPPORT OF THEIR MOTION REQUESTING THE
COURT ABSTAIN FROM EXERCISING JURISDICTION AND
STAY PROCEEDINGS UNDER *COLORADO RIVER*__**

Defendants, LA PENSEE CONDOMINIUM ASSOCIATION, INC. (the "Association") and DAVID WOLF ("Wolf"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, in opposition to Plaintiffs' Response in Opposition [D.E. #56], hereby file their Reply in Support of the Motion Requesting the Court Abstain from Exercising Jurisdiction and Stay Proceedings Under *Colorado River* [D.E. #41] and state as follows:

**I.    INTRODUCTION & PROCEDURAL POSTURE**

On April 21, 2022, the Association and Wolf filed their Motion Requesting the Court Abstain from Exercising Jurisdiction and Stay Proceedings Under *Colorado River* [D.E. #41]. Thereafter, on May 5, 2022, Plaintiffs filed their Response in Opposition [D.E. #56]. As discussed

*infra*, Plaintiffs' Response completely overlooks and seeks to minimize the significant parallels between the operative sets of facts in the instant matter and the related State Court matter.

## II. LEGAL ARGUMENT

a. **The FHA Lawsuit and the Related State Court Case Involve Substantially the Same Parties and Substantially the Same Issues**

When analyzing whether abstention under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) is appropriate, the Court undertakes two inquiries, beginning with whether the state and federal proceedings are parallel.[1] The 11th Circuit Court of Appeals has clarified that Federal and State actions need not have identical parties nor identical causes to be parallel under this analysis, so long as the parties and issues are "substantially the same."[2] The Supreme Court has further remarked that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*."[3]

Nevertheless, Plaintiffs argue that these two cases do not involve substantially the same issues. However, a cursory review of the Complaint in this matter and the Third Party Complaint and Counterclaim in the State Court matter shows that much of it was copied from one and pasted into the other. The facts section of the Third Party Complaint and Counterclaim, for instance, have paragraphs that are taken verbatim from the Federal lawsuit.

Furthermore, the Federal Complaint was filed as a result of the purported actions taken by certain parties, the Association and Wolf, in the State Court matter. Specifically, much of the

---

[1] *Ambrosia Coal and Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1329-30, 95 Fed. Appx. 1320 (11th Cir. 2004)
[2] *Id*.
[3] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20, 103 S. Ct. 927, 937 (1983).

impetus of the Fair Housing claims in this case is the Association's filing of the State Court suit against Plaintiffs, WILLIAM DAVID WILCOX ("Wilcox") and MEGAN DANIELLE LUCHEY ("Luchey"), and the Landlord, La Pensee 303, LLC, seeking to evict Plaintiffs from Unit #303 in the Association. Accordingly, the seminal issues are certainly substantially the same.

Plaintiffs also posit that the parties are not substantially the same because Defendants, Mary McFadden and MAC Residential Services, LLC, are not parties to the Third-Party Complaint in the State Court suit, whereas Third-Party Defendants, John Lawson, Laurie Marchel, Robert Rosati, Nermin Andraos, and Third-Party Plaintiff, La Pensee 303, LLC, are not parties to the instant Federal action. However, this argument is not supported by the fact. Specifically, the Association and Wolf are named parties in both cases. Moreover, and more significantly, Association Board Members Rosati, Lawson and Marchel are Third Party Defendants in the State Action but, while not defendants themselves, are prominently mentioned by name in the instant federal action and are alleged to have committed wrongful acts. [D.E. #1, ¶¶ 46-49, 61, 79, 83]. Thus, the parties are also substantially the same.

Under Plaintiffs' argument, "only litigants bereft of imagination would ever face the possibility of an unwanted abstention order, as virtually all cases could be framed to include additional issues or parties." *Ambrosia Coal & Const. Co. v. Pages Morales,* 368 F.3d 1320, 1330 (11th Cir. 2004). *See also Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir.1988) ("The addition of the federal defendants in the federal suit by itself does not destroy the parallel nature of the case. If it did, parties could avoid the doctrine of *Colorado River* by the simple expedience of naming additional parties.").

### b. The Six *Colorado River Factors Favor* Abstention

#### 1. Whether one of the Courts has Assumed Jurisdiction over Property

Plaintiffs argue that the claims in the instant matter are not *in rem*. However, because the underlying State Court action is an eviction action, the state court assumed jurisdiction of the leased premises and therefore that action is *in rem*. Accordingly, Plaintiffs' argument that Defendants have not satisfied the first *Colorado River* factor is simply wrong.

#### 2. The Inconvenience of the Federal Forum

Plaintiffs argue that the parties and evidence are all located in Palm Beach County. Thus, the federal and state forum are equally convenient. Nevertheless, although the forums may be geographically similar, the instant matter argues that the eviction in the State Court suit was retaliatory and a violation of the Fair Housing Act. Thus, this case was filed as a result of the State Court suit. Consequently, any action challenging the eviction belongs in state court. Accordingly, Plaintiffs' argument fails here as well.

#### 3. The Potential for Piecemeal Litigation

Plaintiffs argue there is no likelihood of piecemeal litigation because the Third-Party Complaint does not include a cause of action under the Fair Housing Act. However, this conclusion has no support and/or reference to precedent.

The instant matter asserts causes of action for: I) Retaliation Under the Fair Housing Act; II) Interference, Coercion, or Intimidation under the Florida Fair Housing Act; and III) Intentional Infliction of Emotional Distress. The State Court Third Party Complaint asserts causes of action for: I) Breach of Fiduciary Duty and II) Abuse of Process against Wolf, among other parties, including, various other former Board members. The State Court Counterclaim asserts causes of action for I) Declaratory Judgment; II) Breach of Contract; and III) Abuse of Process, against the

Association. Although the causes of action are not *per se* identical, they arise out of the same core of operative facts and most germane require the State Court suit to be determined first before this Court can adjudicate this matter.

In the case *sub judice*, the Fair Housing Act claim arises out of Wolf allegedly yelling at LUCHEY "niggers don't belong here;" Defendants allegedly making up lies about Wilcox violating various rules and regulations of the Association; the Defendants causing their attorneys to demand information from Wilcox regarding his service animal when the information was purportedly provided several months earlier; the Defendants trying to intimidate Valerie Manzo into compelling La Pensee 303, LLC to evict Wilcox and Luchey; and the filing of the state court suit. *See* D.E. #1, ¶ 107. The same core of operative facts form the basis for their asserted claims for relief for Interference, Coercion, or Intimidation under the Florida FHA. All of these allegations also appear in the State Court Third-Party Complaint and Counterclaim. As to the Intentional Infliction of Emotional Distress, the Complaint refers to paragraphs 1 through 102 which is largely identical to the State Court Third-Party Complaint and Counterclaim. In fact, paragraphs 17-27, 31-44, 46-79, 85, 87-92, 94-96, and 98 of the Third Party Complaint are almost identical to paragraphs 23-33, 36-49, 50-83, 84, 85-90, 91-93, and 94 of the Federal Complaint. Similarly, paragraphs 18-28, 32-79, 85-94, and 96 of the Counterclaim are nearly identical to paragraphs 23-33, 36-83, 84-93, and 94 of the Federal Complaint.

In the State Court Third-Party Complaint, the Third Party Plaintiffs assert that Wolf breached his fiduciary duty as a result of the allegations set forth in paragraphs 1 through 111 of the Third Party Complaint in the State Court action. Again, these paragraphs are largely taken verbatim from the allegations in the instant Federal action. The abuse of process claim is directly based on the Association's filing of the eviction action. Thus, the same set of facts give rise to the

claims asserted under the Fair Housing Act and Interference, Coercion, or Intimidation under the Florida FHA in the instant matter. Furthermore, if the State Court eviction action is successful and the Association has a legitimate, nondiscriminatory reason for seeking to evict the Tenants, Wilcox and Luchey, there is no viable Fair Housing Act cause of action in the instant matter.

The State Court Counterclaim has a similar pattern. La Pensee 303, LLC seeks declaratory judgment, seeking the Court to determine the Association approved Wilcox's lease for a period of two years and breached the declaration regarding the length of the lease term. Wilcox and Luchey again assert an abuse of process claim against the Association for filing the State Court suit.

Consequently, there is certainly a strong potential for piecemeal litigation if both this matter and the State Court case proceed simultaneously.

**4. The Order in Which the Forums Obtained Jurisdiction**

Plaintiffs argue that the Federal Court Complaint was filed weeks prior to the Third Party Complaint and that Defendants cannot sustain the burden of demonstrating that the Third Party Complaint has progressed to a point that justifies abstention. This argument is completely inaccurate.

Although the Third Party Complaint was filed after the Federal Court Complaint, the underlying State Court Complaint was filed months earlier, on or about July 30, 2021. Furthermore, the State Court suit has progressed substantially with multiple depositions having taken place, as is apparent by the docket attached to the Motion for Abstention [D.E. # 41, Exhibit #1). Thus, this factor weighs heavily in favor of abstention.

### 5. Whether State or Federal Law will be Applied

Plaintiffs argue that the Court has exclusive jurisdiction over Plaintiffs' claim under the Fair Housing Act and that the Federal Court is capable of adjudicating Plaintiffs' cause of action asserted under F.S. §760.

However, the facts underlying the Fair Housing Act claim are the basis for the myriad causes of action in the State Court case. Thus, Plaintiffs' argument fails.

### 6. The Adequacy of the State Court to Protect the Parties' Rights

Plaintiffs argue that Defendants have asked "this Court to deprive Plaintiffs of their due process rights 'unless and until the State Court action concludes.'" Plaintiffs contend that the state court also cannot adjudicate Plaintiffs' Fair Housing Act claim. However, as stated *supra*, the facts giving rise to the Fair Housing Act claim are the basis of the State Court causes of action, and vice versa, and would arguably provide relief on the same and/or similar basis if the State Court determines the claims are valid.

On the other hand, if the State Court confirms the Association's suit to evict Wilcox and Luchey is valid and supported, there can be no legitimate determination that the Association and Wolf violated the Fair Housing Act, the Florida FHA, or committed the Florida tort of intentional infliction of emotional distress in the instant matter.

### III.   CONCLUSION

Based on the foregoing, Defendants have met their burden to establish that their Motion Requesting the Court Abstain From Exercising Jurisdiction and Stay Proceedings Under *Colorado River* should be granted.

WHEREFORE, Defendants, LA PENSEE CONDOMINIUM ASSOCIATION, INC. and DAVID WOLF seek an Order from this Honorable Court abstaining from further litigation of this

action until and unless the State Court suit concludes and for all other remedies this Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Andrew J. Marchese*
**ANDREW J. MARCHESE**
Florida Bar Number: 061931
**JOELLE J. VOGEL**
Florida Bar Number: 1002659
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
*Counsel for La Pensee Condominium Association, Inc., and David Wolff a/k/a David Wolf*
2400 East Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
T:  (954) 847-4920; F:  (954) 627-6640
ajmarchese@mdwcg.com; jjvogel@mdwcg.com;
mdlincoff@mdwcg.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **12th day of May 2022**, I e-mailed or mailed the foregoing document to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Richard S. Lubliner, Esq.**
Lubliner Law, PLLC
1645 Palm Beach Lakes Blvd., Suite 1200
West Palm Beach, FL 33401
rich@lubliner-law.com
Carolina@lubliner-law.com

**Andrew Kemp-Gerstel, Esq.**
**Michael D. Starks, Esq.**
Liebler, Gonzalez & Portuondo
44 West Flagler Street
Miami, FL 33130
akg@lgplaw.com; mkv@lgplaw.com;
mds2@lgplaw.com

*/s/  Andrew J. Marchese*
ANDREW J. MARCHESE

**David B. Israel, Esq.**
**Eric J. Israel, Esq.**
Israel & Israel & Associates, P.A.
6099 Stirling Road, Suite 211
Davie, FL 33314
disrael@israellawfl.com;
ejisrael@israellawfl.com;
israellawfl@gmail.com