UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81565-CV-MIDDLEBROOKS/Matthewman

WILLIAM DAVID WILCOX, JR. a/k/a DAVID
WILCOX and MEGAN DANIELLE LUCHEY,

 Plaintiffs,

v.

LA PENSEE CONDOMINIUM ASSOCIATION,
INC., MARY MCFADDEN, MAC RESIDENTIAL
MANAGEMENT SERVICES, LLC, and DAVID
WOLFF a/k/a DAVID WOLF,

 Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

THIS CAUSE comes before the Court on Defendants La Pensee Condominium Association, Inc. ("Association") and David Wolf's ("Wolf") Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (DE 9), and Defendants Mary McFadden ("McFadden") and MAC Residential Management Services, LLC's ("MAC") Motion to Dismiss (DE 10), both filed on October 8, 2021. The Motions are fully briefed. (DE 9; DE 21; DE 25); (DE 10; DE 20; DE 24). For the reasons set forth below, the Motions are granted in part.

**I. BACKGROUND**

Plaintiffs filed their Complaint on September 3, 2021 bringing three causes of action: (1) retaliation under the Fair Housing Act; (2) interference, coercion or intimidation under Fla Stat. § 760.37, the Florida Fair Housing Act; and (3) intentional infliction of emotional distress. This dispute arises out of Plaintiffs' residence in a unit within a residential condominium building operated by the Association. Wolf is a member of the Board of Directors, and MAC and its

principal, McFadden, are the Association's property manager. (DE 1 ¶¶ 3–4, 11). Plaintiffs allege a pattern of threats and intimidation aimed at removing Plaintiffs from their unit, because Luchey is African-American and Wilcox requested (and was granted) a reasonable accommodation in the form of approval of a service pet. (*Id.* ¶ 20).

Plaintiffs' allegations as to each Defendant are briefly summarized as follows:

***The Association:*** The Association allegedly sought to gather information from Plaintiffs about the service animal approval and lease agreement, and ultimately initiated a state court action to evict Plaintiffs predicated on an allegedly forged lease prepared by one or more of the Defendants. (*Id.* ¶¶ 84, 90–92, 95–97). The Association also allegedly fabricated rule violations and inappropriate conduct by Plaintiffs. (*Id.* ¶¶ 62–64).

***MAC & McFadden:*** McFadden, as the principal of MAC, is alleged to have been acting on behalf of the other Defendants and to have been involved with the Association's efforts to remove Plaintiffs. (*Id.* ¶¶ 67, 92, 99). McFadden allegedly accused Wilcox of lying about his service animal and fabricated complaints about Wilcox's dog. (*Id.* ¶¶ 65, 69, 80–82).

***Wolf:*** Plaintiffs allege that Wolf is individually liable because he committed or participated in the commission of the conduct alleged. (*Id.* ¶ 12). Specifically, Plaintiffs allege that one day when Luchey was leaving an elevator, Wolf allegedly "got in [her] face and yelled 'niggers don't belong here!'" (*Id.* ¶ 57). After this incident, harassment "magically appeared." (*Id.* ¶ 74).

## II. DISCUSSION

Defendants move to dismiss the Complaint entirely on shotgun pleading grounds, and also argue that Plaintiffs fail to state a claim for intentional infliction of emotional distress. (DE 9 at 4–7; DE 10 at 4–9). Additionally, Wolf and the Association move in the alternative for a more definite statement. (DE 9 at 7–8). I address each in turn.

A.  **Shotgun Pleading**

All Defendants argue that the Complaint is a shotgun pleading because the Complaint "lumps" together all Defendants in each of the three causes of action, and thus it is impossible to know which allegations pertain to which Defendant. (DE 9 at 4–5; DE 10 at 4–6). The Eleventh Circuit has delineated several types of shotgun pleadings; the "unifying characteristic" is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2013).

Here, it is not impossible to discern the conduct Plaintiffs allege as to each Defendant. Plaintiffs identify each Defendant at the outset and their relationship to one another, for example that McFadden is a principal of MAC, and Wolf is a Board member and individually liable for his direct participation. (DE 1 ¶¶ 2–12). The factual allegations common to all counts are, for the most part, specific as to who did what. A minority of factual allegations refer to Defendants collectively, but "[t]he fact that defendants are accused collectively does not render the complaint deficient. The complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). As required by Rule 8(a), the Complaint contains "a short and plain statement of the claim showing that the [Plaintiffs] [are] entitled to relief."

McFadden and MAC contend that due to the "lumping together" of all Defendants, Plaintiffs have not alleged any specific allegations as to them to support their housing claims. (DE 10 at 6). Wolf also expresses in his shotgun pleading argument that he is "unable to discern how" the statement alleged "standing alone violates the FHA," and otherwise appears to contest the sufficiency of the allegations to support the housing claims. (DE 9 at 5). A challenge to the

3

sufficiency of the allegations to support a legal claim is better characterized as a potential Rule 12(b)(6) defect. Here, however, Defendants do not identify the elements of the housing claims or explain the basis for their contentions that the allegations are insufficient to establish the elements of those claims, and I decline to construe these offhand references to insufficient allegations as properly brought 12(b)(6) arguments.

**B.     Failure to State Claims for Intentional Infliction of Emotional Distress**

Next, Defendants argue that Plaintiffs fail to state a claim for intentional infliction of emotional distress. (DE 9 at 5–7; DE 10 at 6–9). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint.[1] In assessing legal sufficiency, the Court applies the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted).

A court must construe the complaint in the light most favorable to the plaintiff and assume the truth of the plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While

---

[1] "A court's review on a motion to dismiss is [generally] 'limited to the four corners of the complaint.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citation omitted). However, it may also consider "any documents referred to in the complaint which are central to the claims." *Id.* (citation omitted).

4

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true when determining whether a claim is legally sufficient). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level." *Id.*

A claim for intentional infliction of emotional distress requires that "(1) the wrongdoer's conduct was intentional or reckless; that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Williams v. City of Minneola*, 619 So. 2d 983, 986 (Fla. 5th DCA 1993).

The crux of the issue is whether Plaintiffs allege sufficiently outrageous conduct. It is not enough that the defendant acted maliciously, tortiously or even criminally. *Metro Life. Ins. Co. v. McCarson*, 467 So. 2d 277, 278–79 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). To be outrageous, the conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). "In Florida, '[t]he issue of whether or not the activities of the defendant rise to the level of being extreme and outrageous so as to permit a claim for intentional infliction of emotional distress is a legal question in the first instance for the court to decide as a matter of law.'" *Vance v. So. Bell Tel. & Tel. Co.*, 983 F.2d 1573, 1575 n.7 (11th Cir. 1998) (quoting *Baker v. Fla. Nat'l Bank*, 559 So.2d 284, 287 (Fla. 4th DCA 1990)) (alteration in original).

The claim against Wolf is predicated on his use of a racial epithet in a statement directed at Luchey.[2] However, "Florida courts have been reluctant to find claims for intentional infliction of emotional distress based solely on allegations of verbal abuse." *De La Campa v. Grifols Am., Inc.*, 819 So.2d 940, 943–44 (Fla. 3rd DCA 2002) (per curiam). That is so even when a racial epithet is used, and even when racially abusive verbal abuse is repeated and persistent, which is not alleged here. *See Lay v. Roux Labs., Inc.*, 379 So.2d 451, 543 (Fla. 1st DCA 1980) (per curiam) (finding that the use of racial epithets, humiliating language, verbal attacks and threatening the plaintiff with termination did not rise to the level of outrageous); *Williams v. Worldwide Flight Servs. Inc.*, 877 So.2d 869, 869–70 (Fla. 3d DCA 2004) (per curiam) (finding that an employer's repeated use of racially derogatory language to the plaintiff, repeated threats to fire the plaintiff and creation of false disciplinary actions against the plaintiff to justify his termination was offensive, but not outrageous); *see also Lopez v. Target Corp.*, 676 F.3d 1230, 1231, 1236 (11th Cir. 2012) (applying Florida law) (verbal abuse without the use of racial epithets motivated by racial animus); *De La Campa*, 819 So.2d at 944 (verbal abuse coupled with discriminatory conduct based on sexual orientation).

Only in the most extreme circumstances can words alone, even incredibly offensive ones, be sufficiently outrageous. For example, in *Nims v. Harrison* a Florida appellate court found that a teacher stated a claim for intentional infliction of emotional distress against students who planned, wrote, edited, printed, copied and distributed a newsletter about her containing profane and racially abusive language, including threats to kill her and rape her and her children. 768 So.2d

---

[2] Since this incident only allegedly involved Luchey, it is unclear what allegations form the basis of Wilcox's claim of intentional infliction of emotional distress against Wolf. There are no specific allegations as to Wolf of conduct causing *Wilcox* severe emotional distress that is outrageous under Florida law.

1198, 1199 & n.1 (Fla 1st DCA 2000). Although Wolf's alleged statement, taken as true at this stage, is undoubtedly offensive, it does not meet the high threshold for outrageousness necessary to state a claim for intentional infliction of emotional distress premised on words alone under Florida law. As the Eleventh Circuit reflected in a case involving racially-motivated verbal harassment, "[a]s tempted as we might be to characterize" certain conduct as outrageous, "we are *Erie* bound to apply Florida's law as construed by its courts to a claim arising under Florida law." *Lopez*, 676 F.3d at 1237.

As to the other Defendants, Plaintiffs essentially allege that the conduct forming the basis of their housing claims also forms the basis of their intentional infliction of emotional distress claims. This conduct falls well short of the type of conduct that exceeds all bounds of decency tolerated in civilized society. *See Moore v. Camden Prop. Trust*, 816 F. App'x 324, 336 (11th Cir. 2020) (applying Georgia law, which is substantively the same as Florida law on outrageousness for intentional infliction of emotional distress claims) (affirming the dismissal of an intentional infliction of emotional distress claim brought by a tenant against a landlord for conduct including initiating dispossessory actions, repeatedly telling her to move because of her race and retaliation for exercising certain rights). Plaintiffs thus additionally fail to state claims of intentional infliction of emotional distress against McFadden, MAC and the Association.

### C.    More Definite Statement

In the alternative, Wolf and the Association seek a more definite statement. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). First, Wolf and the Association contend that it is "wholly unclear" whether Wolf is sued in his capacity as a Board member or as a resident in the Association. (DE 10 at 7). However, the

Complaint sufficiently specifies the capacity in which Wolf is allegedly involved. (DE 1 ¶¶ 13–14). Second, Wolf and the Association contend that the allegations are generally "vague and ambiguous as to the claims made against each individual defendant." (DE 10 at 7–8). This does not comport with Rule 12(e), which requires the movant to "point out the defects complained of and the details desired." The request for a more definite statement is therefore denied.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendants La Pensee Condominium Association, Inc. and David Wolf's Motion to Dismiss (DE 9) is **GRANTED IN PART**.

(2) Defendants Mary McFadden and MAC Residential Services, LLC's Motion to Dismiss (DE 10) is **GRANTED IN PART**.

(3) Plaintiffs' claims for intentional infliction of emotional distress against all Defendants are **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**. The Motions are denied in all other respects.

(4) Plaintiffs must file an Amended Complaint by **June 27, 2022**.

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 16 day of June, 2022.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record