**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 9:21-CV-81565-DMM**

WILLIAM   DAVID   WILCOX   JR.   a/k/a
DAVID   WILCOX,   an   individual,   and
MEGAN   DANIELLE   LUCHEY,   and
individual,

      Plaintiffs,

v.

LA       PENSEE       CONDOMINIUM
ASSOCIATION, INC., a Florida Not-For-
Profit Corporation, MARY MCFADDEN, an
individual,       MAC       RESIDENTIAL
MANAGEMENT   SERVICES,   LLC,   A
Florida Limited Liability Company, and
DAVID WOLFF a/k/a DAVID WOLF, an
individual,

      Defendants.

_____/

## DEFENDANTS MARY MCFADDEN AND MAC RESIDENTIAL MANAGEMENT SERVICES, LLC 'S REPLY TO PLAINTIFF MEGAN DANIELLE LUCHEY'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO ANSWER QUESTIONS AT HER RECONVENED DEPOSITION

Defendants, MARY MCFADDEN ("McFadden") and MAC RESIDENTIAL

MANAGEMENT SERVICES, LLC ("MAC Residential," collectively with McFadden,

"Defendants"), by and through undersigned counsel, and pursuant to Federal Rules of Civil

Procedure 30(a)(2)(ii), 30(d)(2) and 37(a)(3)(c), files this Reply to Plaintiff MEGAN DANIELLE

LUCHEY'S Response Defendants' Motion to Compel Plaintiff to Answer Questions at her Reconvened Deposition, and in support thereof, states as follows:

Plaintiffs filed their Complaint on September 3, 2021, alleging (1) retaliation in violation of the Fair Housing Act ("FHA"); (2) interference, coercion, or intimidation in violation of § 760.37 of the Florida Statutes; and (3) intentional infliction of emotional distress [DE 1].  On July 13, 2022, Plaintiffs filed their First Amended Complaint [DE 94], alleging (1) retaliation under the Fair Housing Act; and (2) interference, coercion, or intimidation [Fla. Stat. § 760.37]. These allegations stem from Plaintiffs' assertion that, based on Plaintiff Luchey's race and Plaintiff Wilcox's service dog Zeus, they were being discriminated against by Defendant LA PENSEE CONDOMINIUM ASSOCIATION, INC. (the "Association"), its board members (including Defendant DAVID WOLF, and Defendants McFadden and MAC Residential (which is the former property manager and former property management firm for the Association. MAC Residential is owned by McFadden).

Based on the claims made by Plaintiffs in this action, credibility of the witness is of the outmost importance in this action. Plaintiff Luchey was deposed on May 4, 2022, a copy of the complete deposition transcript was attached as **Exhibit 1** to the Motion to Compel [DE 86]. As set forth in the Motion, Plaintiff Luchey refused to answer the following categories of questions:

### A.  Questions Related to Domestic Violence Complaint

Aside from the provisions of the deposition transcript cited in the Motion to Compel [DE 86], Defendants McFadden and MAC cite to and direct the Court to additional portions of the deposition transcript of Plaintiff Luchey's deposition, in which she refused to answer questions,

which were not only relevant to the issues at hand in this litigation, but also designed to lead to the discovery of admissible evidence in this action.

Plaintiff Luchey was asked numerous times to explain why and who had allegedly forged her information on the Domestic Violence Complaint, yet Plaintiff Luchey failed and refused to answer those relevant questions. See Luchey Depo. P. 22, L. 9-25; P. 23, L. 1-25; P. 24, L. 1-25; P. 28, L. 23-25; P. 29, L. 1-5; P. 33, L. 18-25; P. 35, L. 11-15; P. 36, L. 10-25; and P. 37, L. 1-15.

This domestic violence complaint on which Plaintiff Luchey's signature is notarized by a deputy clerk in Palm Beach County, is highly relevant for a number of reasons.  For one thing, therein Plaintiff Luchey alleges that Plaintiff Wilcox repeatedly calls her the "N word," a claim Plaintiff Luchey and Plaintiff Wilcox have suspiciously made against a defendant in this case. Plaintiff Luchey also alleges therein that Plaintiff Wilcox is physically abusive, which certainly goes to both of their damages claims.  Additionally, the domestic violence complaint suggests Plaintiff Luchey is not actually living in the subject condo unit, as she alleges in this case, and that the Plaintiffs actually have two dogs, which Plaintiff Wilcox has denied in other contexts. Further, this line of questioning is important because it also goes to Plaintiff Luchey's credibility regarding the allegations raised by both Plaintiff Luchey and Plaintiff Wilcox in this action.

**B.  Questions Related to Quitclaim Deed; and**
**C.  Questions Related to Lawsuit Stemming from Allegedly Forged Quitclaim Deed**

Aside from the provisions of the deposition transcript cited in the Motion to Compel [DE 86], Defendants McFadden and MAC cite to and direct the Court to additional portions of the deposition transcript of Plaintiff Luchey's deposition, in which she refused to answer questions, which were not only relevant to the issues at hand in this litigation, but also designed to lead to the

discovery of admissible evidence in this action. See Luchey Depo. P. 45, L. 8-18; P. 46, L. 5-25; P. 47, L. 10-25; P. 48, L. 1-25; P. 49, L. 23-25; P. 50, L. 1-25; and P. 51, L. 1-25.

**D.  Verbal Settlement Agreement**

Aside from the provisions of the deposition transcript cited in the Motion to Compel [DE 86], Defendants McFadden and MAC cite to and direct the Court to additional portions of the deposition transcript of Plaintiff Luchey's deposition, in which she refused to answer questions, which were not only relevant to the issues at hand in this litigation, but also designed to lead to the discovery of admissible evidence in this action. See Luchey Depo. P. 53, L. 8-21; P. 54, L. 14-25; P. 55, L. 1-25; P. 61, L. 3-25; P. 62, L. 1-25, P. 63, L. 1-25, P. 64, L. 1-25; and P. 65, L. 6-14.

It is important to note that Plaintiff Luchey has already agreed to appear for a continued deposition in this matter. See Luchey Depo. P. 186, L. 15-18; and P. 187, L. 8-16.

It is worth mentioning that Plaintiff Luchey's Response [DE 101] to the Motion to Compel [DE 86] is not signed by Plaintiff Luchey.  Accordingly for the reasons discussed in detail in the Motion to Compel [DE 86] and herein in this Reply, this Court should compel Plaintiff Luchey to answer the questions during her deposition, appear for the deposition in person, and award Defendants their reasonable attorneys' fees.

**E.  Luchey's Answers Are Not Protected by the Attorney-Client Privilege**

"Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claims or defenses in the case." *Davey v. Baptist Health Care Corp.*, 3:06CV31/RV/EMT, 2007 WL 9735104, at *1 (N.D. Fla. Feb. 9, 2007). "Relevant information need not be admissible at trial provided that it is

reasonably calculated to lead to admissible evidence." *Id.* (citing Fed. R. Civ. P. 26(b)(1). "Indeed, even when questions which are not relevant are asked at a deposition, absent bad faith or unreasonable behavior by the examiner, the proper procedure is for the deponent to answer the question, and *the burden of demonstrating the lack of relevancy is on the person making the objection*." *Id.* (citing *GEICO Cas. Co. v. Beauford*, No. 8:05-cv-697-24EAJ, 2006 WL 2789013, at *3–*4 (M.D. Fla. September 26, 2006) (emphasis added). In other words, "a deponent may not answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion' for a protective order under Rule 30(d)(4)." *Id.* at *2 (quoting Fed. R. Civ. P. 30(d)(1)). "Further, Rule 37(a)(2)(B) provides that, when a deponent fails to answer proper questions, a party may seek an order compelling the deponent to answer." *Id.* at *2. Failure to comply with an order compelling a deponent to answer questions could be grounds to be held in contempt of court. *Id.* (citing Fed. R. Civ. P. 37(b)(1)).

The Northern District of Florida considered a similar matter in *Davey*. In that case, the deponent refused to answer questions on subjects that were relevant to the claims and defenses in this case. "*Davey*, 2007 WL 9735104, at *1. During the deposition, Defendants' counsel attempted to resolve the matter with Plaintiff's counsel who did not represent the witness. *Id.* at *2. As Plaintiff's counsel could not do anything, Defendants' counsel reminded the deponent that she was under subpoena and needed to answer relevant questions. *Id.* The deponent still refused to provide any answer and instead simply stated that she had nothing to offer. *Id.* Defendants moved to compel the deponent to answer their questions. *Id.* at *1. The Court determined that Defendants complied with Rule 37 and granted their motion to compel, ordering the deponent to appear for a second

deposition, admonishing the deponent, and explaining that if deponent fails to answer counsel's questions that she may be held in contempt of court. *Id.* at *2.

Similarly, here, Plaintiff Luchey refused to answer questions relevant to the claims and defenses in this case during her May 4, 2022 deposition. Plaintiff Luchey stated that she would not answer questions related to the domestic violence complaint, the quitclaim deed, the lawsuit against her father stemming from the alleged forged quitclaim deed, and the verbal settlement agreement resolving the lawsuit against her father because (1) the domestic violence complaint against Plaintiff Wilcox was under investigation; (2) the attorney client privilege impeded her from stating why the lawsuit was filed against her father instead of her brother whose name was on the quitclaim deed; and (3) the verbal settlement agreement with her father and brother has an alleged confidentiality provision.

As Plaintiff Luchey failed to explain if there was a court order preventing her from stating anything related to the domestic violence complaint, only the attorney-client privilege and the alleged confidentiality provision would be potential bases for Plaintiff Luchey to not answer these questions. "Under Florida law, '[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services.'" *Developers Sur. & Indem. Co. v. Harding Vill., Ltd.*, 06-21267CIV-BROWN, 2007 WL 2021939, at *1 (S.D. Fla. July 11, 2007) (quoting Fla. Stat. § 90.502(2)). "Information is confidential and protected from disclosure by the attorney-client privilege, if it is not intended to be disclosed to third persons other than '[t]hose to whom disclosure is in furtherance of the rendition of legal

services to the client,' or '[t]hose reasonably necessary for the transmission of the communication.'" *Id.* (quoting Fla. Stat. § 90.502(l)(c)(l)-(2)). "The purpose of the attorney-client privilege is to encourage clients to make full disclosures to their attorneys of all information that might be relevant to litigation." *Id.* (citing *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976)). "Because the privilege has the effect, though, 'of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose. Accordingly, it protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Id.*

Undoubtedly, here, the reason Plaintiff Luchey decided to sue her father for the allegedly forged quitclaim deed, rather than her brother whose name is on the quitclaim deed is not protected by the attorney-client privilege. Indeed, anyone would be able to glean a general idea as to why Plaintiff Luchey sued her father by simply reading the complaint, which can be easily obtained. Plaintiff Luchey baldly even suggested just that during her deposition. Luchey Depo. P. 45, L. 14. As to the confidentiality provision in the verbal settlement agreement, Plaintiff Luchey failed to provide any evidence that such an agreement exists or to even articulate what would happen if she were to state what would happen if she were to testify about it. Thus, this Court should grant Defendants' Motion to Compel.

### <u>F.</u>  Defendants Are Entitled to Their Reasonable Attorneys' Fees

Defendant McFadden and MAC sought imposition of sanctions, including reasonable costs and attorneys' fees in the Motion to Compel [DE 86]. This request has not been addressed by Plaintiff Luchey's unsigned Response to Motion to Compel [DE 101]. As such, any argument

contrary to this request for sanctions, including attorneys' fees and costs, has been waived by Plaintiff Luchey. The Court should award Defendants McFadden and MAC reasonable attorneys' fees and costs for the Motion to Compel [DE 86] and for the time to prepare and attend another deposition in this matter to obtain answers to the inquiries not responded to by Plaintiff Luchey at the deposition on May 4, 2022.

WHEREFORE, Defendants, MARY MCFADDEN and MAC RESIDENTIAL MANAGEMENT SERVICES, LLC, respectfully this Court to enter an Order compelling Plaintiff Luchey to: (1) provide answers to deposition questions posed to her at the May 4, 2022 deposition; (2) attend the deposition in person; and (3) award Defendants their reasonable attorneys' fees.

Respectfully submitted,

s/*David B. Israel*
David B. Israel
Florida Bar No.: 0984078
disrael@israellawfl.com
Eric J. Israel
Florida Bar No.: 1003655
ejisrael@israellawfl.com
israellawfl@gmail.com
**ISRAEL, ISRAEL & ASSOCIATES, P.A.**
*Attorneys for Mary McFadden & MAC*
*Residential Management Services, LLC*
6099 Stirling Road | Suite 211
Davie | FL 33314

*/s/ Michael D. Starks*
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
akg@lgplaw.com
MICHAEL D. STARKS
Florida Bar No. 0086584
mds2@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**

Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded via CM/ECF delivery to All Counsel/Parties in this action via the CM/ECF Portal and via email communication to William David Wilcox, Jr. at david.wilcox@evolution-metals.com; wdavidwilcox@gmail.com; and Kenneth C. Terrell, Esq. at kcterrell@bellsouth.net on this 19th day of July 2022.

*/s/ David B. Israel*
DAVID B. ISRAEL
Florida Bar No. 0984078
disrael@israellawfl.com