UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION


CASE NO.: 9:21-CV-81565 DMM



WILLIAM DAVID WILCOX JR a/k/a
DAVID WILCOX, an individual, and
MEGAN DANIELLE LUCHEY, an individual,

      PLAINTIFFS,


V.


LA PLENSEE CONDOMINIUM ASSOCIATION,
Inc., a Florida not-for profit organization,
MARY MCFADDEN, an individual, MAC RESIDENTIAL
MANAGEMENT SERVICES, LLC, a Florida Limited
Liability Company, AND DAVID WOLFF, a/k/a David
WOLF, an individual,

      DEFENDANTS

_____/


### PLAINTIFF MEGAN DANIELLE LUCHEY'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL, AND MOTION FOR PROTECTIVE ORDER


Plaintiff, Megan Danielle Luchey, proceeding *pro se*, respectfully asks this Court to Deny

Defendant's Motion to Compel Plaintiff Megan Luchey to Answer Questions at Her Reconvened

Deposition, and further asks this Court to enter a Protective Order. In support of this request, Plaintiff

states as follows:

Response to Motion to Compel
Wilcox, et. al v. La Pensee et. al
Case Number 9:21-CV-81565 DMM
Page 2 of 5

## BACKGROUND

On June 30, 2022, Defendants filed a Motion to Compel Plaintiff, Megan Luchey, to provide

additional testimony regarding several categories of questioning during her deposition, taken May 4,

2022. On that date, Plaintiff testified for almost 7 and a half hours, which included many questions that

have nothing to do with the issues and facts surrounding this instant lawsuit. The categories of questions

that Defendants now demand additional testimony relate to: 1) a Domestic Violence Petition filed on

March 31, 2022; and 2) a lawsuit pertaining to an allegedly forged Quitclaim Deed, and a Settlement of

that matter which is confidential.

## DOMESTIC VIOLENCE PETITION

During her May 4, 2022, deposition, Plaintiff, Megan Luchey, was asked exhaustively about a

Domestic Violence Petition filed on March 31, 2022, alleging that David Wilcox was physically violent,

and making various supposed admissions concerning the number of dogs in unit 303, and Luchey's

absence from the unit as an occupant. Plaintiff Luchey never refused to answer any questions pertaining

to the Domestic Violence Petition. Rather she testified that she did not file the Petition, that she has no

idea who filed the Petition, and that Wilcox has never been violent toward her.

LUCHEY:    I have not been a victim of any violence by David Wilcox. Nor have I ever made any

                   statements of the same, and again, the statements and allegations made in that petition are

                   not mine.

Defendants' counsel proceeded to ask several additional questions pertaining to the Petition:

*Response to Motion to Compel*
*Wilcox, et. al v. La Pensee et. al*
*Case Number 9:21-CV-81565 DMM*
*Page 3 of 5*

ISRAEL:        Did you file that, or did someone file it for you?

ISRAEL:        Are you refusing to provide any information as to any Complaint that you have filed

regarding completion of this domestic violence complaint by someone other than you –

allegedly by someone other than you?

ISRAEL:        So you will not answer whether you know who filed this request for the Court to dismiss

this [domestic violence] report because it is under investigation, that's your testimony?

All of these follow-up questions were asked and answered by Plaintiff's initial response (e.g. that

she did not file the Petition, did not know who filed the Petition, and that she was never the victim of

domestic violence at the hands of David Wilcox).  The follow-up questions were asked with the sole

purpose of harassing the Deponent.  Now, however, Defendants are demanding a re-convened deposition

for the sole purpose of forcing Plaintiff to answer questions that she cannot possibly know the answers to.

For the reasons stated above, Plaintiff requests this Court deny Defendants' Motion to Compel

Answers to questions that Plaintiff has no knowledge, and requests this Court enter a Protective Order to

preclude any additional questioning of the witness pertaining to the Domestic Violence Petition.

## QUITCLAIM DEED LITIGATION

During her deposition, Plaintiff was asked why the lawsuit was filed against Andrew Luchey, Jr.,

and not against Andrew Luchey, whose name appears on the Quitclaim deed.  Plaintiff testified that the

answer is protected attorney-client communications.  She specifically asserted attorney-client privilege,

which should have cut-off any further questioning pertaining to the strategy of filing the lawsuit against

only one party.  In fact, Defendants' Motion to Compel argument does not even address the asserted

privilege but focuses solely on questions of relevancy concerning this line of questioning.

*Response to Motion to Compel*
*Wilcox, et. al v. La Pensee et. al*
*Case Number 9:21-CV-81565 DMM*
*Page 4 of 5*

Rather than address the claim of privilege, Defendants go to great lengths to argue that the line of question concerning the quitclaim deed litigation is relevant or is likely to lead to relevant evidence in the immediate lawsuit. This is clearly preposterous as Defendants' present no suggestion that the line of questioning is, in fact, relevant, but merely asserts that the burden is on Plaintiff to establish irrelevancy. On its face, the Court can easily discern that the procedural history of a prior lawsuit involving different parties and concerning a fraudulent quitclaim deed prepared by someone other than Plaintiff, herself, has nothing to do with the instant matter, and cannot possibly lead to evidence that would be relevant to whether Plaintiffs were the victims of housing discrimination and harassment under The Fair Housing Act or Fla. Stat. 760.37.

Plaintiff stands on her assertion of privilege and requests the Court enter an Order Denying Defendants' Motion to Compel, and enter a Protective Order pertaining to this line of inquiry.

Finally, Defendants demand that Plaintiff provide testimony regarding the outcome of the quitclaim deed litigation. Plaintiff testifies that the matter was settled and subject to a confidentiality agreement between the parties. Defendants argue that there can be no claim of confidentiality because no agreement was put into writing. Defendants' position is untenable. A Confidentiality Agreement is a contract, and oral contracts are enforceable under Florida law.

For the reasons stated above, Plaintiff requests the Court deny Defendants' Motion for Protective Order and enter a Protective Order, preventing further harassment of Plaintiff through the questioning of matters remote and irrelevant to the immediate cast, as well as Defendants' demand that Plaintiff violates the terms of an oral non-disclosure agreement.

**WHEREFORE**, Plaintiff Megan Luchey respectfully requests that this Court enter an Order denying Defendants' Motion to Compel and enter a Protective Order precluding any further questioning of Plaintiff pertaining to the matters identified hearing.

*Response to Motion to Compel*
*Wilcox, et. al v. La Pensee et. al*
*Case Number 9:21-CV-81565 DMM*
*Page 5 of 5*

RESPECTFULLY SUBMITTED,

Megan Danielle Luchey

Plaintiff, *Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded to all counsel and parties in this action and via e-mail communication to David B. Israel at DIsrael@Israellawfl.com and to Michael D. Starks at mds2@lgplaw.com on this day, July 15, 2022.