UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81565-CV-MIDDLEBROOKS/Matthewman

WILLIAM DAVID WILCOX, JR. a/k/a
DAVID WILCOX,

    Plaintiff,

v.

LA PENSEE CONDOMINIUM ASSOCIATION,
INC., MARY MCFADDEN, MAC RESIDENTIAL
MANAGEMENT SERVICES, LLC, and DAVID
WOLFF a/k/a DAVID WOLF,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO EXTEND TRIAL DATE

THIS CAUSE is before the Court upon Plaintiff's Motion to Extend Trial Date, filed August 11, 2022. (DE 144). Plaintiff seeks a 30-day extension of the October 24, 2022 trial date, which Defendants do not oppose. (*Id.* ¶¶ 5, 11). For the reasons set forth below, the Motion is granted in part.

Plaintiff parted ways with his initial counsel in June (DE 84), and he has since retained new counsel (DE 143). On July 11, 2022, Plaintiff, who was proceeding *pro se* at the time, sought a 90-day extension of the trial date because the proximity to the then-September 26, 2022 trial date hampered his ability to retain new counsel. (DE 93). I granted a 30-day continuance and noted that new counsel may seek further relief should a proper motion setting forth good cause be filed. (DE 100 at 2). Plaintiff's counsel now seeks a 30-day continuance for two reasons: (1) counsel has a prepaid vacation scheduled for October 23, 2022 to October 30, 2022; and (2) Plaintiff's prior counsel refuses to provide new counsel with case materials, including discovery, apparently because Plaintiff has an outstanding balance. (DE 144 ¶¶ 6–8). Plaintiff's counsel further suggests

that further scheduling relief may be sought depending on when the case materials are obtained. (*Id.* ¶ 9).

Rule 16(b) of the Federal Rules of Civil Procedure requires the Court to issue an order setting forth the schedule upon which the case will proceed. This schedule will be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the good cause inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)). Further, "[a] continuance of any trial . . . will be granted only on exceptional circumstances." S.D. Fla. L.R. 7.6.

First, with respect to counsel's prepaid vacation, I note that the vacation only coincides with the first week of the trial period. Second, with respect to the representation that former counsel is withholding discovery because of Mr. Wilcox's outstanding balance, I largely view that issue to be between Mr. Wilcox and his former counsel, and not a factor that will influence these proceedings. I will not endeavor to discern who is right or wrong in the billing issue between Plaintiff and his former counsel, and thus I have no basis on which to assess whether this issue arose despite Plaintiff's diligence. The schedule on which this litigation will proceed cannot be dictated or unduly delayed by an external dispute in which this Court is not involved. It is Mr. Wilcox's responsibility, as the plaintiff who brought this case, to prosecute it. I am also mindful of the several continuances I have granted in this matter, and the Court's strong interest in the efficient resolution of cases.

Nevertheless, I will grant a brief continuance. Although this case could theoretically be called during the second week of the trial period, I recognize that Plaintiff's counsel entered an appearance in this case, which has been pending since September 3, 2021, on August 7, 2022. (DE

143). I will therefore continue this matter to the trial period immediately following the October 24, 2022 period.

The Parties are again reminded that at any time, they may consent to the jurisdiction of United States Magistrate Judge William Matthewman, who generally allows Parties great flexibility in setting the course and schedule, including the trial date, of their case. The consent form can be found at Appendix A of the original Pretrial Scheduling Order. (DE 28 at 9).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Extend Trial Date (DE 144) is **GRANTED IN PART**.

(2) The calendar call set for October 19, 2022 and the trial period set for October 24, 2022 are **CANCELLED**.

(3) The trial in this case is **RESCHEDULED** during the two-week trial period commencing **November 7, 2022, at 9:00 a.m.** in West Palm Beach, Florida, with a calendar call set for **November 2, 2022, at 1:15 p.m.**, at which all counsel must be present.

**SIGNED** in Chambers at West Palm Beach, Florida, this 12th day of August, 2022.

                                                                                        Donald M. Middlebrooks
                                                                                        United States District Judge

cc:   Counsel of Record