UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 21-cv-81565-DMM

WILLIAM DAVID WILCOX, JR., a/k/a DAVID WILCOX, an individual, and MEGAN DANIELLE LUCHEY, an individual,

 Plaintiffs,

v.

LA PENSEE CONDOMINIUM ASSOCIATION, INC., A Florida Not-For-Profit Corporation, MARY MCFADDEN, an individual, MAC RESIDENTIAL MANAGEMENT SERVICES, LLC, a Florida Limited Liability Company, and DAVID WOLFF a/k/a DAVID WOLF, an individual,

 Defendants.
_____/

**DEFENDANTS MARY MCFADDEN AND MAC RESIDENTIAL MANAGEMENT SERVICES, LLC'S MOTION *IN LIMINE* TO EXCLUDE EVIDENTIARY USE OF AUDIO RECORDING ILLEGALLY RECORDED BY PLAINTIFF DAVID WILCOX AS WELL AS TO EXCLUDE EVIDENCE OF WORTHLESS CHECK CHARGES, DUI CONVICTION, AND DBPR COMPLAINT AGAINST MARY MCFADDEN**

Defendants MARY MCFADDEN ("McFadden") and MAC RESIDENTIAL MANAGEMENT SERVICES, LLC ("MAC"), by and through undersigned counsel, hereby move *in limine*, pursuant to Federal Rules 609, 403, and 404, Florida Statutes § 934.03 *et seq*. of the Florida Security of Communications Act ("FSCA"), and the Federal Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2510, to preclude the use by Plaintiff WILLIAM DAVID WILCOX JR. ("Wilcox"), of the use as evidence of an illegally recorded audio recording of the conversation between McFadden and Association employee, Todd Davis, which was illegally intercepted by Plaintiff Wilcox. Additionally, McFadden and MAC move to preclude

the use of evidence of misdemeanor charges that were *nolle prossed*, and a stale, misdemeanor DUI conviction, which involved McFadden.   For cause, Defendants state as follows:

## INTRODUCTION

Plaintiffs filed their Complaint on September 3, 2021, alleging (1) retaliation in violation of the Fair Housing Act ("FHA"); (2) interference, coercion, or intimidation in violation of § 760.37 of the Florida Statutes; and (3) intentional infliction of emotional distress (DE 1).   These allegations stem from Plaintiffs' assertion that they were being discriminated against by Defendant LA PENSEE CONDOMINIUM ASSOCIATION (the "Association"), its board members, and McFadden and MAC (owned by McFadden), which was the Association's property manager and property management company, based on Plaintiff Luchey's race and Plaintiff Wilcox's service dog.

Plaintiffs filed their First Amended Complaint on July 13, 2022 (DE 94) alleging (1) retaliation in violation of the Fair Housing Act ("FHA"); and (2) interference, coercion, or intimidation in violation of § 760.37 of the Florida Statutes. On July 21, 2022, Plaintiff Luchey and Defendants McFadden and MAC entered into a Stipulation of Dismissal with Prejudice (DE 119), which as subsequently approved by the Court in its Order Dismissing One Plaintiff's Claims executed by this Court on July 25, 2022 (DE 128). Based on the Stipulation for Dismissal with Prejudice (DE 119) and the Court Order Dismissing One Plaintiff's Claims (DE 128), Plaintiff Luchey dismissed all of her claims in this action against Defendants McFadden and MAC with prejudice. As such, the only claims which remain are those claims raised solely by Plaintiff Wilcox in the First Amended Complaint (DE 94).

On April 26, 2022, Plaintiffs took the deposition of Todd Davis, an employee of the Association. During Davis's deposition, Plaintiffs' counsel played an audio recording of a conversation between McFadden and Davis which was undisputedly recorded through the mail

- 2 -
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

slot of a closed office door.[1] McFadden did not consent to the recording. Wilcox Federal Court Depo. 114/25- 116/21; McFadden Declaration ¶ 9 and Exh. A thereto.  The video shows the door to be shut when he made the recording, as does the picture of Wilcox attached to McFadden's Declaration as Exhibit A. McFadden Declaration ¶ 10 and Exh. A thereto.

Additionally, during McFadden's deposition, Plaintiffs' counsel referenced, but refused to attach as an exhibit, an anonymous complaint to the Department of Business and Professional Regulation, alleging that McFadden failed to list two worthless check charges ("First DBPR Complaint").  However, both charges were *nolle prossed* and are from decades ago, thus there was no need for McFadden to list them as *convictions* on her license application.  However, McFadden did list a misdemeanor DUI conviction. The Department of Business and Professional Regulation dismissed the First DBPR Complaint on June 22, 2022 without prejudice.

A second complaint to the Department of Business and Professional Regulation was filed by Liza Dunn, alleging that McFadden and the board members had failed to provide proper notice of an Association meeting ("Second DBPR Complaint"). The Second DBPR Complaint was dismissed, and the case closed on January 10, 2022 because Dunn failed to provide a copy of the management contract. A related complaint was filed anonymously, alleging that the Association meeting was not properly noticed, and that McFadden was misappropriating funds. On January 19, 2022, the DBPR investigator sent a memorandum, recommending that this case should be closed because McFadden no longer works at the Association and the DBPR issued a final determination of no probable cause on June 22, 2022. All of the DBPR complaints (filed by Plaintiff Wilcox and his friend, Liza Dunn), and all of the alleged criminal charges, must be excluded as inadmissible and unfairly prejudicial evidence.

---

[1] Counsel for MAC moved to strike the questioning and testimony, and objected to the use of the audio recording, based on §§ 934.03 and 934.06 of the Florida Statutes.

**STANDARD OF REVIEW**

When determining the relevance of evidence to be produced at trial, district courts are prescribed wide discretion. The Federal Rules of Evidence provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. Relevant evidence is described as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if a party meets the threshold of relevancy, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury" under Rule 403.

**LEGAL ARGUMENT AND MEMORANDUM OF LAW**

I.   **McFadden's Conversation with Todd Davis Is Protected Under Section 934.03 of the Florida Statutes**

The Florida Security of Communications Act ("FSCA") was modeled after its federal counterpart, the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2510 *et seq.*, so Florida follows federal courts as to the meaning of analogous provisions. *See Minotty v. Baudo*, 42 So. 3d 824, 831 (Fla. 4th DCA 2010); *Goldstein v. Costco Wholesale Corp.,* No. 21-CV-80601-RAR, 2021 WL 4134774, at *2 (S.D. Fla. Sept. 9, 2021).

Section 934.03, Fla. Stat. provides in relevant part:

(1) Except as otherwise specifically provided in this chapter, any person who:
(a) Intentionally intercepts, [or] endeavors to intercept ... any wire, oral, or electronic communication; …[or]
(d) Intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;
  ... shall be punished as provided in subsection (4).

§ 934.03(1)(a), Fla. Stat. (2021).[2]

Section 934.02(3) defines "intercept" as "the aural or other acquisition of the contents of *any* wire, electronic, or *oral communication* through the use of any electronic, mechanical, or other device." *Id*. (emphasis added). Contents are "any information concerning the substance, purport, or meaning of that communication." § 934.02(7), Fla. Stat.

Section 934.06 prohibits the use of illegal audio recordings such as the one at issue:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the state, or a political subdivision thereof, if the disclosure of that information would be in violation of this chapter. The prohibition of use as evidence provided in this section does not apply in cases of prosecution for criminal interception in violation of the provisions of this chapter.

*Id*.

Section 934.09(10)(a) similarly states:

> (10)(a) Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority may move to suppress the contents of any intercepted wire, oral, or electronic communication, or evidence derived therefrom, on the grounds that:
>     1. The communication was unlawfully intercepted;
>     …
> Such motion shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion. …

§ 934.09(10)(a), Fla. Stat. *See also*, 18 U.S.C.A. § 2518(10)(a).[3]

"For an oral conversation to be protected under § 934.03(1)(a), Florida courts have

---

[2] There is no indication in sub-section (1)(d) that Plaintiffs' former counsel, who played the audio during the deposition of Todd Davis, is excluded from its reach. Both the recording *and the use* are a third-degree felony under the statute. *Migut v. Flynn*, 131 Fed. Appx. 262, 265 (11th Cir. 2005) (citing § 934.03(4), Fla. Stat.)).

[3] As one of the illegally recorded persons, McFadden has standing to move to exclude the recording as an "aggrieved person." *See* § 934.02(9), Fla. Stat. *See also*, 18 U.S.C.A. § 2510(11).

indicated that the speaker must have an actual subjective expectation of privacy, along with a societal recognition that the expectation is reasonable." *Migut*, 131 Fed. Appx. at 265 (citing *State v. Inciarrano*, 473 So. 2d 1272, 1275 (Fla.1985)). "Where both elements are present, the statute has been violated whether the intercepted communication is private in nature or not." *Id.* (quoting *Stevenson v. State*, 667 So. 2d 410, 412 (Fla. 1st DCA1996)).

A person exhibits a subjective expectation of privacy only when "the individual has shown that 'he seeks to preserve [something] as private.'" *Smith v. Maryland*, 442 U.S. 735, 740, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979) (alteration in original) (quoting *Katz v. United States*, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). A party's claim to a subjective expectation of privacy in a conversation can be rejected when there is no evidence the party "made any effort or otherwise took precautions to keep the conversation private." *State v. Foster,* 323 So. 3d 209, 212 (Fla. 4th DCA 2021) (quoting *Stevenson v. State*, 667 So. 2d 410, 412 (Fla. 1st DCA 1996)).

"A significant factor used in determining the reasonableness of the defendant's expectation of privacy in a conversation is the location in which the conversation or communication occurs." *Migut*, 131 Fed. Appx. at 265 (quoting *Stevenson*, 667 So. 2d at 412). "Conversations occurring inside an enclosed area or in a secluded area are more likely to be protected under Section 934.02(2)." *Cinci v. State*, 642 So. 2d 572, 573 (Fla. 4th DCA 1994) (no reasonable expectation of privacy in conversation that occurred in apartment building courtyard), *review denied,* 651 So. 2d 1192 (Fla.1995); *LaPorte v. State*, 512 So. 2d 984 (Fla. 2d DCA 1987) (reasonable expectation of privacy in conversations women had while changing their clothes in modelling studio); *Chandler v. State*, 366 So. 2d 64 (Fla. 3d DCA 1978) (no reasonable expectation of privacy in open-air conversations conducted through commercially sold walkie-talkies), *cert. denied,* 376 So.2d 1157 (Fla. 1979), *aff'd,* 449 U.S. 560, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981). The door to the Association's business office was shut while Todd Davis and McFadden were conversing over the phone. *See* McFadden Declaration ¶ 5.

Here, the video which accompanies the audio shows that Wilcox recorded it through a closed door,[4] and the photograph of Wilcox in the illegal act (Exhibit A) shows the same. McFadden Declaration ¶ 10 and Exh. A thereto. Todd Davis shut the door, an obvious step to preserving the privacy of a conversation. *Id*. Wilcox knew this recording was illegal, in that he has testified that: "If doors are closed and they're considered a privileged conversation, under Florida law, you are not able to record a conversation." Wilcox State Court Depo. 145/3-5.

Besides location, "[o]ther significant factors used in determining the reasonableness of the defendant's expectation of privacy are the manner in which the oral communication is made and the kind of communication." *Migut*, 131 Fed. Appx. at 265 (quoting *Stevenson*, 667 So. 2d at 412); *See State v. Inciarrano,* 473 So.2d 1272 (Fla.1985) (defendant who entered victim's office with intent to murder victim did not have reasonable expectation of privacy); *Department of Agric. & Consumer Servs. v. Edwards*, 654 So.2d 628 (Fla. 1st DCA 1995) (finding no justifiable expectation of privacy in statements due to number of persons present when statements were made, place chosen for persons present when statements were made, place chosen for interview, and very nature of interview), *review denied*, 662 So.2d 931 (Fla.1995). McFadden was the property manager and Todd Davis was an employee of the Association. McFadden Declaration ¶¶ 3 and 4 and Exh. A thereto.   Obviously, both of them had the right to have the conversation in that office.

Wilcox's recording of the conversation between McFadden and Davis is inadmissible, as Wilcox intentionally intercepted the conversation between McFadden and Davis by recording the conversation on his phone through a mail slot in the door. *See Nassau Life Ins. Co. v. Hynes, et al.,* No. 1:21-CV-126-GRJ, 2022 WL 1222668, at *2 (N.D. Fla. Jan. 19, 2022) ("Because the parties agree that Florida law prohibits the use of oral communications recorded without consent in these proceedings, Solomon's Motion *in limine*, … as to those audio recordings is due to be

---

[4] Should the Court wish to hear the audio or see the video, it will be provided *in camera.*

granted in part.").

## II. The Prior Charges Brought Against McFadden Must Be Excluded Under Federal Rule of Evidence 609

### A. McFadden's Worthless Check Charges Did Not Result in Convictions

"Federal Rule of Evidence 404(a) provides that '[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait,' Fed. R. Evid. 404(a)(1), except '[e]vidence of a witness's character may be admitted under Rules 607, 608, and 609.'" *Bishop Ins. Agency LLC v. Bishop Ins. Services PLLC*, 1:18CV350-HSO-JCG, 2020 WL 11191746, at *1 (S.D. Miss. July 29, 2020) (quoting Fed. R. Evid. 404(a)(3))).

"Generally, Rule 609 only permits a party to impeach a witness as to *felony convictions* and *misdemeanor convictions involving dishonesty* as long as the convictions are not more than 10 years old." *United States v. Maxwell*, 05-20571-CR, 2006 WL 8439795, at *6 (S.D. Fla. Oct. 4, 2006) (citing Fed. R. Evid 609(a)-(b)). In *Maxwell*, the court concluded that evidence of a worthless check charge could not be used to impeach the credibility of the witness because there was no conviction. *Id.* at *6-7. Similarly, here, Plaintiff Wilcox is precluded from using McFadden's worthless check charges because they did not result in convictions.[5]

### B. The DUI Conviction Is a Misdemeanor and Over Ten Years Old

As to McFadden's misdemeanor DUI conviction, Plaintiffs are precluded from using this as well. The court in *Bishop Insurance Agency LLC v. Bishop Insurance Services PLLC,* Civil No. 18CV350-HSO-JCG, 2020 WL 11191746, at *2 (S.D. Miss. July 29, 2020) considered a similar matter and determined that the DUI convictions were inadmissible because they were not punishable by death or imprisonment for more than one year and establishing the elements of a

---

[5]  Mr. Wilcox testified that at least one of these charges was from 1983. Wilcox State Court Depo. 135/10-17.

DUI did not require proving or admitting a dishonest act or false statement. *Id*. Moreover, the court reasoned that even if the DUI convictions were admissible, the probative value of such evidence was substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury. *Id*.

Likewise, here, McFadden's DUI conviction is inadmissible because it is more than 10 years old, the DUI was not punishable by death or imprisonment for more than one year and establishing the elements of the offense of DUI would not require proving or admitting a dishonest act or false statement.

### C. The Probative Value of the DBPR Complaints Are Substantially Outweighed by the Unfair Prejudice to the Defendants

Further, as explained above, one DBPR Complaint was filed anonymously by someone stating they were represented by Richard Lubliner, but David Wilcox admitted he filed the complaint. Wilcox State Court Depo. 136/3-15; Wilcox Federal Court Depo. 91/19-93/5; McFadden Declaration ¶¶ 18 and 19.

A second DBPR complaint was filed by Liza Dunn. Wilcox Federal Court Depo. 93/10-94/6. Ms. Dunn is another resident at the Association, who is friends with David Wilcox. Wilcox State Court Depo. 125/11-126/20. And a third was filed anonymously.

A DBPR complaint filed by the Plaintiff Wilcox (and a friend of his) is an improper mechanism to slide through the backdoor otherwise inadmissible evidence. *See United States v. Peete*, 781 Fed. Appx. 427, 433 (6th Cir. 2019) ("Importantly, however, even if evidence is properly considered 'background evidence,' it may nonetheless be inadmissible 'if its probative value is substantially outweighed by a danger of ... unfair prejudice. Courts must therefore 'err on the side of caution' to ensure that a party does not use this exception as a backdoor to admit otherwise inadmissible Rule 404(b) character evidence.") (additional citations omitted). Undoubtedly, the probative value of the DBPR Complaints is substantially outweighed by the

unfair prejudice to the Defendants, as two were filed anonymously (one by someone represented by Plaintiffs' counsel) in this case and the other has no relevance to the claims in this case. The worthless check charges and DUI conviction are inadmissible, and do not become admissible because one of the Plaintiffs referenced them in a DBPR Complaint. Additionally, the allegations of Liza Dunn pertaining to an improperly noticed Association meeting and unsubstantiated assertions that McFadden misappropriated Association funds would do nothing more than confuse the issues and mislead the jury. Lastly, the DBPR found no probable cause to proceed with any of the complaints filed against McFadden and such complaints have been dismissed.

## CONCLUSION

Thus, this Court should exclude the Plaintiffs' illegal recording of the private conversation between McFadden and Davis as well as McFadden's DUI conviction, worthless check charges, and the DBPR Complaints filed against McFadden.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with Plaintiffs' counsel[6] and all other affected counsel via zoom conference on August 16, 2022, in a good faith effort to resolve the issues raised in the Motion and has been unable to do so.

**WHEREFORE**, Defendants Mary McFadden and MAC Residential Management Services, LLC, hereby request that this Honorable Court enter an order precluding Plaintiff David Wilcox from using as evidence: (1) the illegal audio recording of the conversation between Mary McFadden and Todd Davis; (2) the worthless check charges against McFadden; (3) McFadden's DUI conviction; and (4) the DBPR Complaints filed by a client of Plaintiffs' counsel in this case

---

[6] Defendants' counsels discussed the contents of the Motion with Plaintiffs' former counsel on several occasions via zoom conferences and counsels were unable to previously agree as to the issues raised in this Motion.

and Liza Dunn, and grant such further relief as this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

**ISRAEL, ISRAEL & ASSOCIATES, P.A.**
Attorneys for Defendants Mary McFadden and MAC Residential Management Services, LLC
6099 Stirling Road | Suite 211
Davie | FL 33314
Telephone:    (954) 495-8602
Facsimile:    (954) 495-4770
www.israellawfl.com

By:    s/*David B. Israel*
       David B. Israel
       Florida Bar No.: 0984078
       disrael@israellawfl.com
       Eric J. Israel
       Florida Bar No.: 1003655
       ejisrael@israellawfl.com
       israellawfl@gmail.com

       /s/ Michael D. Starks
       ANDREW KEMP-GERSTEL
       Florida Bar No. 0044332
       Email: akg@lgplaw.com
       Secondary Email: mkv@lgplaw.com
       MICHAEL D. STARKS
       Florida Bar No. 0086584
       Email: mds2@lgplaw.com
       **LIEBLER, GONZALEZ & PORTUONDO**
       Courthouse Tower - 25th Floor
       44 West Flagler Street
       Miami, FL 33130
       Telephone: (305) 379-0400
       Facsimile: (305) 379-9626