UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 21-cv-81565-DMM

WILLIAM DAVID WILCOX, JR., a/k/a DAVID WILCOX, an individual, and MEGAN DANIELLE LUCHEY, an individual,

 Plaintiffs,

v.

LA PENSEE CONDOMINIUM ASSOCIATION, INC., A Florida Not-For-Profit Corporation, MARY MCFADDEN, an individual, MAC RESIDENTIAL MANAGEMENT SERVICES, LLC, a Florida Limited Liability Company, and DAVID WOLFF a/k/a DAVID WOLF, an individual,

 Defendants.
_____/

**DEFENDANTS MARY MCFADDEN AND MAC RESIDENTIAL MANAGEMENT SERVICES, LLC'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO ALLEGED DISCRIMINATION BASED ON MEGAN LUCHEY'S RACE**

Defendants MARY MCFADDEN ("McFadden") and MAC RESIDENTIAL MANAGEMENT SERVICES, LLC (collectively the "MAC Defendants"), by and through undersigned counsel, hereby move *in limine*, pursuant to Federal Rules 403, 404, and 802, and Local Rule 7.1, to preclude the use by Plaintiff WILLIAM DAVID WILCOX JR. ("Wilcox") of the use of alleged evidence related to an alleged racial slur used by a co-defendant (David Wolf) as to Plaintiff Luchey. For cause, the MAC Defendants state as follows:

**INTRODUCTION**

Plaintiff Wilcox has two pending claims in the First Amended Complaint (DE 94) alleging (1) retaliation in violation of the Fair Housing Act ("FHA") and (2) interference, coercion, or

intimidation in violation of § 760.37 of the Florida Statutes (Florida FHA).[1]  These allegations stem from Plaintiff Wilcox's assertion that he and Luchey were being discriminated against by Defendant LA PENSEE CONDOMINIUM ASSOCIATION ("Association"), its board members, McFadden and MAC (owned by McFadden), which was the Association's former property manager and management company, based on Plaintiff Luchey's race and Plaintiff Wilcox's service dog. Wilcox is Caucasian and Luchey is African American. Wilcox Federal Court Depo. 56/2-15.  Plaintiff Luchey, however, has dismissed her claims in this action with prejudice. (D.E. 119, 128).

Primarily, Plaintiffs' allegations related to racial animus stem from an alleged incident between Plaintiff Megan Luchey and 80-year-old, Defendant David Wolf, a board member of the Association, in which Luchey alleged that, on or about February 10, 2021, as Luchey was exiting the elevator in the Building, 80-year-old David Wolf called Luchey the "N" word. Wilcox was not present and did not hear this directly from Wolf, but from Luchey. There is no dispute that the MAC Defendants have never made any derogatory comments about Luchey being African American. Wilcox contacted the police to report the incident two weeks later, and Plaintiff Luchey heard Wilcox give the report on speaker phone.

Mr. Wilcox's claim is related to the service dog Zeus, whereas Luchey's now-dismissed claims were related to her race. Wilcox Federal Court Depo. 56/2-15.  Plaintiff Luchey dismissed her claims against the MAC Defendants with prejudice on July 21, 2022. Therefore, only Plaintiff Wilcox's claims in the First Amended Complaint (DE 94) remain.

As Wilcox was not present when Wolf allegedly made the alleged racial slur, Wilcox cannot testify to it. More importantly, as there were no racial slurs made about Wilcox, any evidence related to the alleged racial slur about Luchey is unfairly prejudicial to the MAC

---

[1]  The MAC Defendants are also moving for summary judgment on Plaintiff Wilcox's claims contemporaneously herewith, and this motion *in limine* is filed in the alternative.

Defendants and would likely mislead the jury.

## STANDARD OF REVIEW

When determining the relevance of evidence to be produced at trial, district courts are prescribed wide discretion. The Federal Rules of Evidence provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. Relevant evidence is described as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if a party meets the threshold of relevancy, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury" under Rule 403.

## LEGAL ARGUMENT AND MEMORANDUM OF LAW

### A. David Wolf's Alleged Racial Slur Must Be Excluded Under Federal Rule of Evidence 802

Under the Federal Rules of Evidence, "'[h]earsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). As a general rule, "[h]earsay is not admissible except as provided by these rules...." Fed. R. Evid. 802.

Wilcox was not present when Wolf allegedly stated the racial slur but heard about it after the fact from Luchey. Wilcox State Court Depo. 93/25-94/13; Wilcox Federal Court Depo. 96/12-97/14. Here, David Wolf's alleged slur about Luchey would constitute an out-of-court statement that would be offered for the truth of the matter asserted *i.e.,* that Wolf stated a racial slur about Luchey.

Additionally, the statement neither falls under any exceptions nor would it be considered non-hearsay. Luchey has dismissed her claims with prejudice against the MAC Defendants; therefore, the statement would no longer be considered a statement by a party opponent.

Moreover, the MAC Defendants have no control over the Association or its board members, including David Wolf. "The principle of vicarious liability flows 'upward,' not 'downward.' Thus, an agent is not liable simply because his principal violates the Fair Housing Act." *Fair Hous. Ctr. of the Greater Palm Beaches, Inc. v. Sonoma Bay Cmty. Homeowners Ass'n, Inc.,* 141 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) (quoting Housing Discrimination Law and Litigation § 12B:2). *See Green v. Century 21*, 740 F.2d 460, 465 (6th Cir.1984) (finding jury instruction erroneous because "[t]he law does not...make the two sales agents liable for discriminatory acts by their principals"). Therefore, the statement would not be considered as one made by the MAC Defendants' agent.

Thus, evidence regarding the racial slur should be excluded as hearsay.

**B.  David Wolf's Alleged Racial Slur Is Irrelevant to Wilcox's Claims and, If Introduced Would Be Unfairly Prejudicial and Confuse the Jury.**

Plaintiff Wilcox has never argued that any of the Defendants exhibited any racism towards him. Instead, he relies on Plaintiff Luchey's allegations related to a racial slur allegedly uttered by David Wolf about her. SOF ¶¶11-13, 37-38. However, Plaintiff Wilcox lacks standing to assert Luchey's now-dismissed claim. Plaintiff Wilcox has failed to demonstrate how he was injured based on the alleged discrimination against Luchey. *See Telesca v. Vill. of Kings Creek Condo. Ass'n*, 390 F. App'x 877, 880 (11th Cir. 2010) ("[T]he only requirement for standing to sue under [the FHA] is the Art. III requirement of injury in fact").  Here, it was solely Luchey who was allegedly injured by Wolf's alleged racial slur, and she has resolved with, and dismissed her claims against, the MAC Defendants with prejudice. Therefore, the alleged racial animus against Luchey has no relevance to Wilcox's discrimination claim which is based on his alleged service dog, Zeus.

Additionally, and undoubtedly, the probative value of such evidence is substantially outweighed by the unfair prejudice to the MAC Defendants. Presenting the racial animus against Luchey evidence as a basis to show discrimination against Wilcox would confuse the jury, as the jury would likely be misled about whether this was a discrimination claim brought by Wilcox or Luchey. Thus, such evidence should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury" under Rule 403

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with Plaintiffs' counsel and all other affected counsel via zoom conference on August 16, 2022, in a good faith effort to resolve the issues raised in the Motion and has been unable to do so.

## CONCLUSION

**WHEREFORE**, Defendant Mary McFadden and MAC Residential Management Services, LLC, hereby request that this Honorable Court enter an order precluding Plaintiff Wilcox from using as evidence David Wolf's alleged racial slur about Luchey and grant such further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF, and on pro se Plaintiffs by email.

Respectfully submitted,

**ISRAEL, ISRAEL & ASSOCIATES, P.A.**
Attorneys for Defendants Mary McFadden and MAC Residential Management Services, LLC
6099 Stirling Road | Suite 211
Davie | FL 33314
Telephone: (954) 495-8602
Facsimile: (954) 495-4770
www.israellawfl.com

By: s/*David B. Israel*
David B. Israel
Florida Bar No.: 0984078
disrael@israellawfl.com
Eric J. Israel
Florida Bar No.: 1003655
ejisrael@israellawfl.com
israellawfl@gmail.com

*/s/ Michael D. Starks*
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
Email: akg@lgplaw.com
Secondary Email: mkv@lgplaw.com
MICHAEL D. STARKS
Florida Bar No. 0086584
Email: mds2@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626