UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:21-CV-81565-DMM

WILLIAM DAVID WILCOX JR. a/k/a
DAVID WILCOX, an individual, and MEGAN
DANIELLE LUCHEY, an individual,

    Plaintiffs,

v.

LA PENSEE CONDOMINIUM ASSOCIATION, INC.,
a Florida Not-For- Profit Corporation,
MARY MCFADDEN, anindividual, MAC
RESIDENTIAL MANAGEMENT SERVICES, LLC,
A Florida Limited Liability Company, and
DAVID WOLFF a/k/a DAVID WOLF, an
individual,

    Defendants.
_____/

**PLAINTIFF, DAVID WILCOX'S RESPONSES AND OBJECTIONS TO DEFENDANTS MARY MCFADDEN AND MAC RESIDENTIAL MANAGEMENTSERVICES, LLC'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Plaintiff, DAVID WILCOX ("David"), through undersigned counsel, hereby objects and responds to Defendants, MARY MCFADDEN and MAC RESIDENTIAL MANAGEMENT SERVICES, LLC'S Second Request for Production of Documents to Plaintiff (the "Document Request"), and state as follows:

**GENERAL OBJECTIONS**

1. David objects to the Document Request to the extent it seeks documents/information not in Plaintiff's possession, custody or control.

2. David objects to the Document Request to the extent it seeks documents/information which are publicly or otherwise available and/or uniquely or equally available from third parties, including MARY MCFADDEN and MAC RESIDENTIAL MANAGEMENT SERVICES, LLC.

3. David objects to the Document Request insofar as it seeks documents/information that do not specifically refer to the events which are the subject matter of this litigation.

4. David objects to the Document Request to the extent it seeks documents/information prepared in anticipation of litigation, protected by the attorney-client privilege, the work-product privilege, and any other privilege, protection, or immunity applicable under the governing law.

5. David objects to the Document Request to the extent it is overly broad, unduly burdensome, oppressive, and/or seek documents/information that are not relevant to the issues in this proceeding, or reasonably calculated to lead to the discovery of admissible evidence.

6. David objects to the Document Request to the extent it contains any express or implied assumptions of fact or law concerning matters at issue in this litigation.

7. David does not waive their right to object, on any and all grounds, to (1) the evidentiary use of the information contained in this Response; and (2) discovery requests relating to this Response.

8. David is providing this Response based upon terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. David objects to, and will refrain from, extending or modifying any words employed in the Document Request to comport with expanded definitions or instructions.

9. David submits its responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

10. The inadvertent production or disclosure of any privileged documents or information shall

not constitute or be deemed a waiver of any applicable privilege with respect to such document (or the contents or subject matter thereof) or with respect to any such other document or discovery now or hereafter requested or provided.

11. This Response has been prepared on the basis of information now known to David, and the objections and responses contained herein are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. David's investigation, discovery, and preparation for this proceeding are continuing, and this Response is being provided without prejudice to David's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof.

12. David reserves the right to supplement/amend this Response.

## DOCUMENT REQUESTS

1. Copies of all notices, complaints and filings of any pre-suit administrative proceedings filed with any governmental agency, including but not limited to Housing and Urban Development ("HUD"), any local agency associated with HUD and/or the Florida Commission on Human Relations or any local agency associated with the Florida Commission on Human Relations associated with the claims in this litigation.

   **RESPONSE:** No such documents exist.

2. Copies of any and all medical records, hospital records, emergency room records and records from any health care provider, including psychologists, psychiatrists, and/or mental health counsellors, pertaining to your treatment(s) for any reason since 2020 associated with the claims in this litigation.

**RESPONSE:** Responsive documents will be produced upon the entry of an appropriate confidentiality order.

3. Copies of any and all medical records, hospital records, emergency room records and records from any health care provider, including psychologists, psychiatrists, and/or mental health counsellors, pertaining to any psychical or mental health treatment for the past five (5) years.

**RESPONSE:** David objects to this Document Request, as such is not relevant to any party's claim or defense and proportional needs of the case. Additionally, the Document Request is unduly burdensome, as it would require David to obtain medical records for five (5) years regarding treatment unrelated to this litigation

4. Copies of any and all medical bills and/or statements for services rendered, paid or unpaid, for treatments associated with the claims in this litigation.

**RESPONSE:** Responsive documents will be produced upon the entry of an appropriate confidentiality order.

5. Copies of any and all bills, statements or receipts relating to any non-medical expenses claimed as damages in this lawsuit which have not been produced in response to any of the preceding requests in this request or in the First Request for Production of Documents.

**RESPONSE:** David objects to this Document Request as it would require her to produce privileged information including, but not limited to, bills for services rendered by David's counsel.

6. Any and all statements, including but not limited to, recorded telephone interviews, tapes, written statements, whether signed or unsigned, of all witnesses to the incidents relative to the subject matter of this action and/or witnesses having knowledge regarding any and all facts and issues in the

instant litigation not previously disclosed in any of the preceding requests or in the First Request for Production of Documents.

**RESPONSE:** Responsive documents previously produced.

7. Any photographs, blow ups, recordings, charts, graphs, sketches and any other tangible items or documentary evidence which you intend to use during trial of this cause, and which have not been produced in response to any of the preceding requests or in the First Request for Production of Documents.

**RESPONSE:** David objects to this Document Request as premature, and would require David to disclose privileged work-product information. David will provide documents responsive to this Document Request in compliance with all Scheduling/Trial Orders entered by the Court.

8. All statements, including, but not limited to, recorded telephone interviews, tapes, written statements, signed or unsigned of the Plaintiff or any of her agents, servants or employees relative to the claims in this action and any other issue which involves the instant litigation which have not been produced in response to any of the preceding requests or in the First Request for Production of Documents.

**RESPONSE:** Responsive documents previously produced, with the exception of the enclosed video.

9. Any and all police reports and/or homicide reports related to incidents referenced in the instant litigation which have not been produced in response to any of the preceding requests or in the First Request for Production of Documents.

**RESPONSE:** No such documents exist.

10. All documents, papers or evidence of losses/damages to be introduced at trial in this action which have not been produced in response to any of the preceding requests or in the First Request for Production of Documents.

**RESPONSE:** David objects to this Document Request as premature, and would require David to disclose privileged work-product information. David will provide documents responsive to this Document Request in compliance with all Scheduling/Trial Orders entered by the Court.

11. All expert reports from any experts who will testify at trial regarding any issue of liability in this action which have not been produced in response to any of the preceding requests or in the First Request for Production of Documents.

**RESPONSE:** No such documents exist.

12. All expert reports from any experts who will testify at trial regarding any issue of damages in this action which have not been produced in response to any of the preceding requests or in the First Request for Production of Documents.

**RESPONSE:** No such documents exist.

13. Any and all documents pertaining to the certification or training of the dog named "Zeus," as a service animal.

**RESPONSE:** Responsive documents are being produced contemporaneously herewith.

14. Any and all documents showing who purchased or adopted the dog named "Zeus," the date of purchase or adoption, and whether "Zeus" was originally purchased for the purpose of being a "service animal," as alleged in Plaintiffs' Complaint.

**RESPONSE:** Responsive documents are being produced contemporaneously herewith.

15. Any and all documents pertaining to, or concerning, the dog named "Zeus".

**RESPONSE:** David objects to this Request on the grounds that it is overly broad, and unduly burdensome. David also objects as there is no duration set forth in this Document Request. David further objects to this Documents Request, as such is not relevant to any party's claim or defense and proportional needs of the case. By way of example, the Document Request would cover an email regarding whether Zeus was laying down on the couch.

Dated: May 18, 2022.                            Respectfully submitted,

                                                               LUBLINER LAW, PLLC
                                                               1645 Palm Beach Lakes Blvd., Suite 1200
                                                               West Palm Beach, Florida 33401
                                                               Telephone: (561) 207-2018
                                                               Facsimile: (561) 584-7227
                                                               rich@lubliner-law.com
                                                               carolina@lubliner-law.com

                                    BY:    /s/ Richard S. Lubliner
                                                          RICHARD S. LUBLINER, ESQ.
                                                          FBN: 0047741

1. All non-privileged papers, documents, and/or any writing which support or contradict the positions taken in paragraph no. 91 of Plaintiff's Complaint.

**RESPONSE:** Responsive documents previously produced.

2. All non-privileged papers, documents, and/or any writing which support or contradict the positions taken in paragraph no. 92 of Plaintiff's Complaint.

**RESPONSE:** Responsive documents previously produced.

3. All non-privileged papers, documents, and/or any writing which support or contradict the positions taken in paragraph no. 96 of Plaintiff's Complaint.

**RESPONSE:** Responsive documents previously produced.

4. All non-privileged papers, documents, and/or any writing which support or contradict the positions taken in paragraph no. 97 of Plaintiff's Complaint.

**RESPONSE:** Responsive documents previously produced.

5. All non-privileged papers, documents, and/or any writing which support or contradict the positions taken in paragraph no. 99 of Plaintiff's Complaint.

**RESPONSE:** Responsive documents previously produced.

6. All non-privileged papers, documents, and/or any writing which support or contradict the positions taken in paragraph no. 107 of Plaintiff's Complaint.

**RESPONSE:** Responsive documents previously produced.

7. All non-privileged papers, documents, and/or any writing which support or contradict the positions taken in paragraph no. 108 of Plaintiff's Complaint.

**RESPONSE:** Responsive documents previously produced.

8. All non-privileged papers, documents, and/or any writing which support or contradict the positions taken in paragraph no. 113 of Plaintiff's Complaint.

**RESPONSE:** Responsive documents previously produced.

9. All non-privileged papers, documents, and/or any writing which support or contradict the positions taken in paragraph no. 114 of Plaintiff's Complaint.

**RESPONSE:** Responsive documents previously produced.

10.     All non-privileged papers, documents, and/or any writing which support or contradict the positions taken in paragraph no. 115 of Plaintiff's Complaint.

**RESPONSE:** Responsive documents previously produced.

11.     All non-privileged papers, documents, and/or any writing which support or contradict the positions taken in Plaintiff's Complaint.

**RESPONSE:** Responsive documents previously produced.

12.     All non-privileged documents associated with the rental of 4000 South Ocean Boulevard, Unit 303, South Palm Beach, FL 33480.

**RESPONSE:** Responsive documents previously produced.