UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:21-CV-81565-DMM

WILLIAM DAVID WILCOX JR. a/k/a,
DAVID WILCOX, an individual, and
MEGAN DANIELLE LUCHEY, an
individual

 Plaintiffs,

 V.

LA PENSEE CONDOMINIUM
ASSOCIATION, INC., a Florida Not-For-
Profit Corporation, MARY MCFADDEN, an
Individual, MAC RESIDENTIAL
MANAGEMENT SERVICES, LLC, a
Florida Limited Liability Company, and
DAVID WOLFF a/k/a DAVID WOLF, an
Individual,

 Defendants
_____/

**MOTION TO EXTEND PLAINTIFF'S DISPOSITIVE MOTION DEADLINE, TO EXTEND PLAINTIFF'S DEADLINE TO RESPOND TO ANTICIPATED PRE-TRIAL MOTIONS EXPECTED TO BE FILED BY THE DEFENDANTS TODAY, AND TO COMPEL THE PRODUCTION OF FILE MATERIALS NOT IN THE DOCKET**

COMES NOW David Wilcox, Plaintiff in the above styled case, who moves that this Honorable Court grant an order to extend Plaintiff's Dispositive motion deadline, to extend Plaintiffs deadline to respond to anticipated pre-trial motions expected to be filed by the defendants today, and to compel the production of file materials not in the docket and as grounds for Defendant's motion states the following:

1. Counsel for Plaintiff appeared in this case on August 7, 2022.

2. Today is the dispositive motion deadline and based on conferrals with counsel yesterday a number of complex motions are anticipated to be filed by Defendants today.

3. As of today's date, despite diligent efforts plaintiff's counsel has not been able to review the overwhelming majority of the file due to the failure of prior counsel to release same.

4. Essentially, anything not in the online ECF court file, or related state court case e-file is unavailable to Plaintiff, with very limited exceptions such as the deposition exhibits from last week's deposition of Mr. Wolf, the Plaintiff.

5. Plaintiff, individually and through counsel has made diligent and timely efforts to retrieve the file from prior counsel and have failed as of this date. These efforts include various emails from client and counsel.

6. These efforts include reviewing the fee agreement with prior counsel which claims the file will be released on termination by the client, despite this language the file was not released.

7. The efforts include providing materials for consideration to prior counsel regarding his duties to his former client including a discussion of the law found in Florida Bar Ethics Opinion 88-11 (reconsideration) March 23 which provides in pertinent "A lawyers right to assert a lien may be limited, however by the ethical obligations to avoid foreseeable prejudice to the client's interest. What papers or documents must be furnished to a client in a particular case in order to avoid prejudicing the clients interests therein will necessarily depend on the specific facts and circumstances involved"

8. The facts and circumstance of prejudice in this case are overwhelming, the current dispositive motion deadline is today, multiple motions in limine are expected from defense counsel and Summary Judgment motions are all expected and will require responses.

9. Plaintiff's counsel has also made efforts to obtain the file materials previously provided by defendant's counsel to prior plaintiffs counsel or provided by plaintiff to defendant's counsel that are not apparent in the record from the current defendant parties counsel who should also have the materials.

10. While all defendant's counsel were courteous and agreed to provide the materials they had, unfortunately all of them were currently engaged with other commitments and they or their staff would not be able to get to the task for some time in the indefinite future greater than a week.

11. Regretfully, this means that the earliest we might get the file would be after the expiration of the dispositive motion deadline, and after the deadline to file responses to the anticipated motions in limine, and perhaps even beyond the time to respond to the Summary Judgment motions discussed by defendant's counsels at our conferral.

12. Counsel would also note that the verbal descriptions of the discovery file by defense counsel as massive, and not easy to assemble, would lead Plaintiff's counsel to the conclusion that even if Plaintiff counsel got the file today, that reviewing and absorbing it might not fairly be possible in the remaining time to file responses.

13. As such great prejudice still exists to Plaintiffs position as receipt of the materials only after their usefulness to resolve pre-trial motions is an unfair prejudice that Plaintiff cannot avoid under the current circumstance despite due diligence in attempting to regain the file.

14. CERTIFICATE OF GOOD-FAITH CONFERENCE Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with defendants counsel and all other affected counsel via zoom conference on August 16, 2022, in a good faith effort to resolve the issues raised in the Motion and has been unable to do so

15. Plaintiff's counsel has conferred with counsel for the various defendants all of whom oppose extending the deadlines requested herein, and all other relief we are requesting.

**Wherefore** we request a) an order compelling the delivery of the file from Plaintiff's former counsel by a date certain, b) an order compelling Defendants to re-provide all materials previously served or delivered to plaintiff's counsel, or sent or served on defendants by Plaintiff's prior counsel to Plaintiff's new counsel,  c) an extension of Plaintiff's dispositive motion deadline for two weeks beyond the delivery date of the file materials, and d) an extension of the time to file a response to any motion in limine until one

week beyond the date plaintiff's counsel gets the missing file materials, and an extension of the time to respond to any Summary Judgment motions to two weeks beyond the time Plaintiff receives the file materials with opposing counsel for defendants.

                RESPECTFULLY SUBMITTED,

/s/Neil Tygar
Neil Bryan Tygar, P.A.
Counsel for Plaintiff
5341 W. Atlantic Ave. #303
Delray Beach, FL 33130
Tel:   561-455-0280 Ext. 11
Fax:   561-455-0281
Cell:   561-305-5214
ntygar@me.com
neiltygarlaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed August 17th, 2022, with the Southern District of Florida using the CM/ECF e-filing Portal and served by an automatic email generated by the Florida Courts e-filing portal, and via email to prior plaintiffs' counsel at carolina@lubliner-law.com and rich@lubliner-law.com

Neil Bryan Tygar, P.A.
Attorneys for Plaintiff
David Wilcox
By: /s/ Neil B. Tygar
Neil Tygar
Executive Square Plaza
5341 West Atlantic Avenue, Suite 303
Delray Beach, FL 33484
561-455-0280 Phone
561-305-5214 Cellular Phone
561-455-0281 Fax

Florida Bar No. 0911100
**Primary E-Mail Address:** ntygar@me.com

**Secondary E-Mail:** neiltygarlaw@gmail.com