UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CASE NO.: 9:21-cv-81565-DMM

WILLIAM DAVID WILCOX, JR., a/k/a DAVID WILCOX, an
individual, and MEGAN DANIELLE LUCHEY, an individual,

    Plaintiffs,
v.
LA PENSEE CONDOMINIUM ASSOCIATION, INC., a Florida
Not-For-Profit Corporation, MARY McFADDEN, an individual,
MAC RESIDENTIAL SERVICES, LLC, a Florida Limited Liability
Company, and DAVID WOLFF a/k/a DAVID WOLF, an individual,

    Defendants.
_____/

**DEFENDANT DAVID WOLF'S MOTION FOR FINAL SUMMARY**
**JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant, DAVID WOLF ("Wolf"), by and through his undersigned counsel, and pursuant to Federal Rule 56 and Local Rule 56.1, hereby moves the Court for entry of summary judgment directed to Counts I and II of the Amended Complaint in his favor and against Plaintiff, WILLIAM DAVID WILCOX, JR. (hereafter "Plaintiff" and/or "Wilcox"), based on all prior pleadings in the court file, the Statement of Material Facts which is being filed contemporaneously with the instant motion, and testimony elicited in this case, and as grounds in support thereof states as follows:

    **I.**    **INTRODUCTION**

This lawsuit arises out of Plaintiff Wilcox's tenancy at La Pensee Condominium Association, Inc. (the "Association" and/or "La Pensee") which began on or about January 25, 2021. With respect to Wolf, Plaintiff has two pending claims for retaliation under the Fair Housing

Act (FHA) and Interference, Coercion, or Intimidation under F.S. §760.37. As explained in detail *infra,* Wilcox's claims against Wolf contain no factual or legal support following former Plaintiff, Megan Danielle Luchey's ("Luchey") recent dismissal of her claims against all Defendants, including, Wolf, *with prejudice*. Furthermore, there is no basis to single out Wolf from the rest of the Board for individual liability. Accordingly, Wolf is entitled to summary judgment his favor.

## II.     STATEMENT OF UNDISPUTED FACTS

[Pursuant to Local Rule 56.1(a), Wolf filed his Statement of Undisputed Material Facts ("SF") separately]

## III.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. See Fed. R. Civ. P. 56(c),(e); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson,* 477 U.S. at 252; *see also Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990).

## IV.     MEMORANDUM OF LAW

### a. Wolf is Entitled to Summary Judgment on Wilcox's FHA Claims

"To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Philippeaux v. Apartment Inv. & Mgmt. Co.*, 598 F. App'x 640, 644–45 (11th Cir. 2015)(*citing Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir.2001) (applying the legal framework used in Title VII cases to an FHA retaliation case). "A plaintiff engages in statutorily protected activity when he or she protests ... conduct which is actually lawful, so long as he or she demonstrates a good faith, reasonable belief that the [conduct engaged in] was ... unlawful[.]" *Id* (*citing Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1388 (11th Cir.1998) (Title VII case) (internal quotation marks omitted)). A plaintiff's belief that the conduct was unlawful must be objectively reasonable. *Id.*

The Middle District of Florida interpreted the word "interfere" in section 3617 of the FHA as extending "only to discriminatory conduct that is so severe or pervasive that it will have the effect of causing protected person to abandon the exercise of his or her housing rights." *Gourlay v. Forest Lake Estates Civil Ass'n. of Port Richey, Inc.*, 276 F.Supp.2d 1222, 1235 (M.D. Fla. 2003).

"When a plaintiff seeks to prove intentional discrimination through circumstantial evidence . . . a burden-shifting scheme applies." *Bone v. Vill. Club, Inc.*, 223 F. Supp. 3d 1203, 1217-18 (M.D. Fla. 2016) (citing *E.–Miller v. Lake Cty. Highway Dep't*, 421 F.3d 558, 563–64 (7th Cir. 2005); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Hopler v. Crystal Tower, Inc.*, No. 13-62465-CIV, 2014 WL 3894261, at *4 (S.D. Fla. June 20, 2014). "If the plaintiff establishes her prima facie case, the burden then shifts to the

defendant to articulate a non-discriminatory reason for the challenged action." Id. (*citing Cleveland v. Home Shopping Network, Inc*., 369 F.3d 1189, 1193 (11th Cir. 2004)). "If the defendant satisfies its burden, the plaintiff may then attempt to demonstrate that the stated reason is a pretext for unlawful animus." *Id*.

Here, Plaintiff has not cited to and/or referenced any protected activity that Wilcox was engaged in and where Wolf, in turn, subjected Plaintiff to an adverse action. The only allegation in the operative Complaint against Board member Wolf directly is his purportedly using a racial epithet towards Luchey. However, not only was Wilcox not even present at the time, but Luchey's claims were recently dismissed *with prejudice*. Moreover, Wilcox has not cited to any evidence or made any allegations that Wolf was directly involved and/or part of the alleged issue with Wilcox's service dog, Zeus.

Furthermore, Wilcox lacks standing to assert this claim because in order to establish standing, a plaintiff must have: 1) suffered injury in fact which is concrete and particularized and is "actual or imminent," 2) a causal connection between the injury and conduct complained of where the conduct is traceable to the defendant's actions, and 3) it was most likely that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992).

Here, Wilcox lacks standing to bring a Fair Housing Act claim against Wolf because Defendant Wolf did not cause him to suffer any injury in fact. Accordingly, Wolf is entitled to summary judgment.

### b. Wolf is entitled to Summary Judgment because he occupies only one Board position on a Five-Person Board

La Pensee's Board of Directors consists of five (5) persons Board and at all times the

Association is required to have a Board consisting of not less than three (3) nor more than five (5) directors. *See* SOF ¶4; Article V Section 5.1 Governing Docs. Defendant Wolf is just one of five Board members. There are no allegations regarding Wolf taking any individual, unilateral action regarding Wilcox's service dog and/or any other alleged activity directly against Wilcox. Accordingly, there is simply no basis to hold Wolf personally liable for violations of the Fair Housing Act and F.S. §760.37 and singling him out from the rest of the Board. Thus, Wolf is entitled to summary judgment.

### c. Wolf is Entitled to Summary Judgment on Wilcox's F.S. §760.37 Anti-Retaliation Claim

Section 760.37 of the Florida Statutes mirrors the language of the federal Fair Housing Act. Therefore, Wilcox's claim under § 760.37 similarly fails for the same reasons set forth above. Accordingly, Plaintiff's claim against Wolf fails as a matter of law and Wolf is entitled to summary judgment.

### V. **CONCLUSION**

For the reasons discussed *supra*, as a matter of law, Defendant Wolf is entitled to final summary judgment on all counts.

WHEREFORE, Defendant, DAVID WOLF, respectfully requests the Court to enter an Order granting the instant motion, entering final summary judgment in Wolf's favor and against Wilcox, awarding prevailing party costs and attorneys' fees to Wolf pursuant to the Association's governing documents, the Fair Housing Act, and any other applicable statute afforded to Wolf under the law, and any other relief the Court deems just and proper under the circumstances.

### **CERTIFICATE OF GOOD-FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that Andrew J. Marchese, Esq., counsel for the movants, has conferred with Plaintiff Wilcox's counsel, Neil Tygar, Esq., in a good faith effort to resolve the issues raised in the motion but has been unable to do so.

    Respectfully submitted,

*/s/ Andrew J. Marchese*
**ANDREW J. MARCHESE**
Florida Bar Number: 061931
**JOELLE J. VOGEL**
Florida Bar Number: 1002659
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
2400 East Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
T: (954) 847-4920; F: (954) 627-6640
ajmarchese@mdwcg.com
jjvogel@mdwcg.com
mdlincoff@mdwcg.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **August 17, 2022**, I e-mailed or mailed the foregoing document to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    */s/ Andrew J. Marchese*
    ANDREW J. MARCHESE

| | |
|---|---|
| **Neil B. Tygar, Esq.**<br>Neil Bryan Tygar, P.A.<br>5341 West Atlantic Ave., Suite 303<br>Delray Beach, FL 33484<br>ntygar@me.com; neiltygarlaw@gmail.com | **Kenneth C. Terrell, Esq.**<br>The Strategic Legal Group, LLP<br>150 E. Palmetto Park Road, Suite 800<br>Boca Raton, FL 33432<br>kcterrell@bellsouth.net |
| **Andrew Kemp-Gerstel, Esq.**<br>**Michael D. Starks, Esq.**<br>Liebler, Gonzalez & Portuondo | **David B. Israel, Esq.**<br>**Eric J. Israel, Esq.**<br>Israel & Israel & Associates, P.A. |

| | |
|---|---|
| 44 West Flagler Street<br>Miami, FL 33130<br>akg@lgplaw.com; mkv@lgplaw.com;<br>mds2@lgplaw.com | 6099 Stirling Road, Suite 211<br>Davie, FL 33314<br>disrael@israellawfl.com;<br>ejisrael@israellawfl.com;<br>israellawfl@gmail.com |