**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division

CASE NO.: 9:21-cv-81565-DMM

WILLIAM DAVID WILCOX, JR., a/k/a DAVID WILCOX, an
individual, and MEGAN DANIELLE LUCHEY, an individual,

    Plaintiffs,

v.

LA PENSEE CONDOMINIUM ASSOCIATION, INC., a Florida
Not-For-Profit Corporation, MARY McFADDEN, an individual,
MAC RESIDENTIAL SERVICES, LLC, a Florida Limited Liability
Company, and DAVID WOLFF a/k/a DAVID WOLF, an individual,

    Defendants.

_____/

**DEFENDANT LA PENSEE CONDOMINIUM ASSOCIATION, INC.'S MOTION FOR**
**FINAL SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW**

    COMES NOW, Defendant, LA PENSEE CONDOMINIUM ASSOCIATION, INC. (the

"Association" and/or "La Pensee"), by and through its undersigned counsel, and pursuant to

Federal Rule 56 and Local Rule 56.1, hereby moves the Court for entry of summary judgment

directed to Counts I and II of the Amended Complaint in its favor and against Plaintiff, WILLIAM

DAVID WILCOX, JR. (hereafter "Plaintiff" and/or "Wilcox"), based on all prior pleadings in the

court file, the Statement of Material Facts which is being filed contemporaneously with the instant

motion, and testimony elicited in this case, and as grounds in support thereof states as follows:

    **I.**      **INTRODUCTION**

    This lawsuit arises out of Plaintiff Wilcox's tenancy at La Pensee Condominium

Association, Inc. (the "Association" and/or "La Pensee") which started on or about January 25,

2021. With respect to the Association, Plaintiff has two pending claims for retaliation pursuant to

the Fair Housing Act and Interference, Coercion, or Intimidation pursuant to F.S. §760.37. As explained in detail *infra,* Plaintiff Wilcox's claims against the Association fail as there is no protected activity that Wilcox engaged in and where the Association, in turn, subjected Wilcox to an adverse action. Specifically, the Association had non-discriminatory reasons for filing their State Court eviction action, captioned *La Pensee Condominium Association, Inc. v. David Wilcox, Meghan Luchey & La Pensee 303, LLC*, in the Palm Beach County Circuit Court bearing Case No.: 502021-CA-009343-XXXX-MB (the "State Court Action"), which is still pending and has not been adjudicated. Moreover, Wilcox continues to reside in Unit #303 with his service animal, Zeus. Accordingly, the Association is entitled to summary judgment in its favor.

## II.  STATEMENT OF UNDISPUTED FACTS

[Pursuant to Local Rule 56.1(a), the Association filed its Statement of Undisputed Material Facts ("SF") separately]

## III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. See Fed. R. Civ. P. 56(c),(e); *see*

*also Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson,* 477 U.S. at 252; *see also Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990).

### IV.    MEMORANDUM OF LAW

#### a.  The Association is Entitled to Summary Judgment on Wilcox's FHA Claim

"To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Philippeaux v. Apartment Inv. & Mgmt. Co.*, 598 F. App'x 640, 644–45 (11th Cir. 2015)(*citing Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir.2001) (applying the legal framework used in Title VII cases to an FHA retaliation case). "A plaintiff engages in statutorily protected activity when he or she protests ... conduct which is actually lawful, so long as he or she demonstrates a good faith, reasonable belief that the [conduct engaged in] was ... unlawful[.]" *Id* (*citing Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1388 (11th Cir.1998) (Title VII case) (internal quotation marks omitted)). A plaintiff's belief that the conduct was unlawful must be objectively reasonable. *Id.*

The Middle District of Florida interpreted the word "interfere" in section 3617 of the FHA as extending "only to discriminatory conduct that is so severe or pervasive that it will have the effect of causing protected person to abandon the exercise of his or her housing rights." *Gourlay v. Forest Lake Estates Civil Ass'n. of Port Richey, Inc.*, 276 F.Supp.2d 1222, 1235 (M.D. Fla. 2003).

"When a plaintiff seeks to prove intentional discrimination through circumstantial evidence . . . a burden-shifting scheme applies." *Bone v. Vill. Club, Inc.*, 223 F. Supp. 3d 1203, 1217-18

(M.D. Fla. 2016) (citing *E.–Miller v. Lake Cty. Highway Dep't*, 421 F.3d 558, 563–64 (7th Cir. 2005); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Hopler v. Crystal Tower, Inc.*, No. 13-62465-CIV, 2014 WL 3894261, at *4 (S.D. Fla. June 20, 2014). "If the plaintiff establishes her prima facie case, the burden then shifts to the defendant to articulate a non-discriminatory reason for the challenged action." Id. (*citing Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004)). "If the defendant satisfies its burden, the plaintiff may then attempt to demonstrate that the stated reason is a pretext for unlawful animus." *Id.*

Here, Plaintiff has not cited to and/or referenced any protected activity that Wilcox was engaged in and where the Association, in turn, subjected Wilcox to an adverse action. Specifically, Wilcox claims the retaliatory acts against him were:

- "Wolf yelling at Megan 'niggers don't belong here!'
- Making up lies about David violating non-existent rules and regulations of the Association
- Causing Ms. Burnett to demand information from David regarding Zeus in order for him to be approved by the Association as a service animal, when he was already approved approximately 6 months earlier
- Trying to intimidate Manzo into causing 303 to evict David, and Megan
- Filing the State Court Case."

*See* [D.E. 94] First Amended Complaint ¶ 107.

First, the allegations by Luchey have been dismissed *with prejudice* against all Defendants and Wilcox does not have standing to continue to assert the claim regarding the alleged racial epithet. Moreover, the remaining allegations certainly do not meet the high standard of interference

to the level of being applied "only to discriminatory conduct that is so severe or pervasive that it will have the effect of causing protected person to abandon the exercise of his or her housing rights." *Gourlay*, 276 F.Supp.2d at 1235.

Additionally, Wilcox alleges the Association sought to evict Plaintiff because he has a service animal. However, the Association has not subjected Wilcox to an adverse action due to the service animal. The Association has articulated a non-discriminatory reason for bringing the State Court Action by citing to several police reports and detailing Wilcox's disruptive behavior to the community in its Second Amended Complaint. Significantly, the Association did not pursue Wilcox for the service animal issue in the State Court Action.

Not only were non-discriminatory reasons articulated, but Wilcox has suffered no adverse action as a result of the Association's conduct of Association business. Wilcox has resided in Unit #303 for the entire duration of the subject leasehold with Zeus. There has been no final adjudication of the state court claims. Thus, the Association is entitled to summary judgment.

**b. The Association is Entitled to Summary Judgment on Wilcox's F.S. §760.37 Anti-Retaliation Claim**

Section 760.37 of the Florida Statutes mirrors the language of the Federal Fair Housing Act. Therefore, Wilcox's claim under § 760.37 similarly fails for the same reasons set forth above. Accordingly, his claim against the Association fails as a matter of law and the Association is entitled to summary judgment.

## CONCLUSION

For the reasons discussed *supra*, as a matter of law, the Association is entitled to final summary judgment on all counts.

WHEREFORE, Defendant, LA PENSEE CONDOMINIUM ASSOCIATION, INC., respectfully requests the Court to enter an Order granting the instant motion, entering final summary judgment in the Association's favor and against Wilcox, awarding prevailing party costs and attorneys' fees to the Association pursuant to the Association's governing documents, the Fair Housing Act, and any other applicable statute afforded to the Association under the law, and any other relief the Court deems just and proper under the circumstances.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that Andrew J. Marchese, Esq., counsel for the movants, has conferred with Plaintiff Wilcox's counsel, Neil Tygar, Esq., in a good faith effort to resolve the issues raised in the motion but has been unable to do so.

Respectfully submitted,

*/s/ Andrew J. Marchese*
**ANDREW J. MARCHESE**
Florida Bar Number: 061931
**JOELLE J. VOGEL**
Florida Bar Number: 1002659
**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**
2400 East Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
T: (954) 847-4920; F: (954) 627-6640
ajmarchese@mdwcg.com
jjvogel@mdwcg.com
mdlincoff@mdwcg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **August 17, 2022**, I e-mailed or mailed the foregoing document to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/  Andrew J. Marchese*
ANDREW J. MARCHESE

**Neil B. Tygar, Esq.**
Neil Bryan Tygar, P.A.
5341 West Atlantic Ave., Suite 303
Delray Beach, FL 33484
ntygar@me.com; neiltygarlaw@gmail.com

**Kenneth C. Terrell, Esq.**
The Strategic Legal Group, LLP
150 E. Palmetto Park Road, Suite 800
Boca Raton, FL 33432
kcterrell@bellsouth.net

**Andrew Kemp-Gerstel, Esq.**
**Michael D. Starks, Esq.**
Liebler, Gonzalez & Portuondo
44 West Flagler Street
Miami, FL 33130
akg@lgplaw.com; mkv@lgplaw.com;
mds2@lgplaw.com

**David B. Israel, Esq.**
**Eric J. Israel, Esq.**
Israel & Israel & Associates, P.A.
6099 Stirling Road, Suite 211
Davie, FL 33314
disrael@israellawfl.com;
ejisrael@israellawfl.com;
israellawfl@gmail.com