UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:21-CV-81565-DMM

WILLIAM DAVID WILCOX JR. a/k/a,
DAVID WILCOX, an individual, and
MEGAN DANIELLE LUCHEY, an
individual

    Plaintiffs,

  V.

LA PENSEE CONDOMINIUM
ASSOCIATION, INC., a Florida Not-For-
Profit Corporation, MARY MCFADDEN, an
Individual, MAC RESIDENTIAL
MANAGEMENT SERVICES, LLC, a
Florida Limited Liability Company, and
DAVID WOLFF a/k/a DAVID WOLF, an
Individual,

    Defendants
_____/

**PLAINTIFF'S MOTION IN LIMINE**

**I.    INTRODUCTION**

Evidence is relevant and therefore generally admissible under Federal Rule of Evidence 402 if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed R. Evid. 401. The Court may, however, exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed R. Evid. 403. Generally, character evidence "is not admissible to prove that on a particular occasion the person acted in accordance with that character trait." Fed R. Evid. 404(a)(1). However, the Federal Rules carve out exceptions

1

for introducing evidence of bad character for impeachment during witnesses' testimony under Rules 607, 608, and 609. Similarly, Federal Rule 608 and 609 regard attacking a witness's credibility through convictions of a crime that involve the **veracity of the witness or** by **felony conviction**. See Fed R. Evid. 608 and 609.

Plaintiff, David Wilcox, respectfully submits this memorandum of law in support of his motions *in limine* seeking to preclude Defendants from introducing any evidence or testimony referring or related to:

1. The arrest for Driving While Under the Influence and the corresponding mugshot;
2. The 911 call Offense Report (Case No. 21114150).
3. The Petition for Injunction for Protection Against Dating Violence (Case No. 50-2022-DR-002828-XXXX-MB);
4. All medical records unrelated to Mr. Wilcox's service animal.

at trial due to these prior alleged bad acts not resulting in a conviction, not related to Mr. Wilcox's character for truthfulness, not relevant to the claims at issue, and would improperly taint the jury. Furthermore, medical records unrelated to Mr. Wilcox's service dog will not have any tendency to prove or disapprove a material fact.

II.   **MEMORANDUM OF LAW**

A.   **A witness can only be impeached by criminal conviction if it relates to their character for truthfulness or by felony conviction.**

Generally, impeachment concerning prior criminal acts is limited to **convictions** that would impugn a witness's character for truthfulness or a felony. *PETZ v. SECRETARY, DEPARTMENT OF CORRECTIONS*, CASE NO: 8:06-CV-2232-T-30EAJ, at *12 (M.D. Fla.

2

Dec. 5, 2008). Under Fla. Stat §90.610(1), an adjudication of guilt by the trial court is required to impeach a witness with a prior conviction. In *State v. Mcfadden*, the Court stated, "Unless there is a final judgment of conviction or adjudication, the defendant or witness may not be impeached with evidence of a guilty plea or jury verdict pursuant 90.610(1)." *State v. McFadden,* 772 So. 2d 1209, 1216 (Fla. 2000). The Court defines "conviction" for the purposes of conviction as either an adjudication of guilt or a judgment of conviction by the trial court. State v. McFadden, 772 So. 2d 1209, 1216 (Fla. 2000). Furthermore, in *Lyle v. McDonough*, the Court noted that "only convictions and not arrests are admissible as impeachment." *Lyle v. McDonough*, No. 3:04-cv-1285-J-12TEM, at *27 (M.D. Fla. May 10, 2006).

**B. Rule 403 Balancing Test**

Rule 403 allows a Court to exclude relevant evidence when the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, Fed R. Evid. 403. The term unfair prejudice is when a piece of relevant evidence tends to illicit the factfinder to determine guilt on an improper basis, *Rosado v. Forever Proposane Sales & Serv., Inc*., No. 17-61151-Civ-TORRES, at *4 (S.D. Fla. June 3, 2019). Generally, the improper basis for which the fact finder determines guilt in this situation is emotional. *ID*. In *United States v. Clotaire*, the Court held it was unacceptable for the government to introduce a mugshot to illustrate the Defendant's prior criminal history because that type of evidence may tempt the fact finder to prejudge the Defendant denying him a fair opportunity to defend, *United States v. Clotaire*, 963 F.3d 1288, 1299 (11th Cir. 2020).

3

C. **Relevance under 401**

Federal Rule of Evidence 401 defines relevant evidence as evidence that has "any tendency to make a fact more or less probable than it would be without that evidence" and "the fact is of consequence in determining that action." Fed. R. Evid. 401. In *Costa v. Sam's East, Inc.*, Eugene M. Costa sued Sam's Club due to a television falling on his left leg that resulted in a hematoma. Costa v. Sam's East, Inc., CIVIL ACTION 11-0297-WS-N, at *1 (S.D. Ala. Aug. 6, 2012). Mr. Costa was also suffering from numerous other ailments such as coronary artery disease, hypertension, and kidney disease. *ID*. Mr. Costa died of congestive heart failure during the case and his wife was substituted in her capacity as personal representative as the named plaintiff. *ID* at 2. The Defendant's fourth Motion in Limine sought to exclude or limit the evidence of Mr. Costa's medical treatment that were unrelated to the Sam's club accident. *ID* at 8. The Court held that the Plaintiff was forbidden from presenting evidence of medical bills or treatments unless such evidence was related to or proximately caused by the Sam's Club accident. *ID* at 10.

III.   **ARGUMENT**

A. **Plaintiff's, David Wilcox, DWI arrest and corresponding mugshot, can not be used to impeach his credibility.**

Federal Rules of Evidence and 11th District courts have made it clear that a final adjudication of guilt has to be rendered for criminal acts to be used as impeachment. In Lyle v. McDonough, the Court went so far as to state that only convictions not arrests are admissible as impeachment evidence." *Lyle v. McDonough*, No. 3:04-cv-1285-J-12TEM, at *27 (M.D. Fla. May 10, 2006). Here, the Plaintiff's Driving While Under the Influence arrest. Therefore, as a matter of law they cannot be introduced to impugn the Plaintiff's credibility because a

4

final adjudication of his guilt has not been rendered. Additionally, introducing the corresponding mugshot to the Driving While Under the Influence charge can only be used to introduce evidence of the arrest. Therefore, the mugshot should be precluded from impeachment use as well.  Further it should be noted that this matter happened well after the events subject to this lawsuit and is not indicative of any matter in issue.

**B. Plaintiff's, David Wilcox, arrest for DWI and corresponding mugshot, 911 call Offense Report (Case No. 21114150), and the Petition for Injunction for Protection Against Dating Violence (Case No. 50-2022-DR-002828-XXXX-MB).**

This case is about fair housing violations regarding discrimination based on race and disability. Specifically, the harassment and fraudulent attempt to evict due to the Plaintiff having a service dog and a black girlfriend. The Plaintiff having a Driving While Under the Influence charge does not have any tendency to prove or disapprove any element for a fair housing claim. There has not even been an allegation from the Defense that they wanted to remove the Plaintiff for allegedly Driving While Under the Influence (which happened significantly after the relevant events). It is even more perplexing for Defendants to suggest the alleged evidentiary value of the Plaintiff's mugshot that was subsequently taken after the DUI arrest. The only rational answer for bringing up anything related to the DUI arrest is to embarrass or harass the Plaintiff.  Similarly, the 911 call Offense Report (Case No. 21114150) which was centers around a dispute between the Plaintiff and an individual named Andrew regarding Plaintiffs car has no probative value to this case. Furthermore, the Petition for Injunction for Protection Against Dating Violence (Case No. 50-2022-DR-002828-XXXX-MB) for which the case was voluntary dropped by Megan Danielle Luchey has nothing to do with a Fair Housing Case, and according to our client Ms. Luchey testified at her deposition that she did not make the complaint.

5

### C. Plaintiff's, David Wilcox, arrest for DWI and corresponding mugshot, 911 call Offense Report (Case No. 21114150), and the Petition for Injunction for Protection Against Dating Violence (Case No. 50-2022-DR-002828-XXXX-MB) is more prejudicial than probative.

Assuming, arguendo, that the above-mentioned items were determined to have some relevance to this action regarding Plaintiffs emotion distress claim, it would be outweighed by the prejudicial effect of said evidence. Here, the Defendants seeks to introduce evidence of an arrest report against the Plaintiff for Driving While Under the Influence, 911 call Offense Report (Case No. 21114150) and Petition for Injunction for Protection Against Dating Violence (Case No. 50-2022-DR-002828-XXXX-MB. Obviously, the allegation that a man abuses his girlfriend and threatens to murder another man will illicit an emotional response not in his favor. Although, all evidence against a specific party is prejudicial to that party but there is point where it becomes unfair prejudice. Unfair prejudice tends to illicit an emotional response by the fact finder leading them to determine guilt on an improper basis. Rosado v. Forever Proposane Sales & Serv., Inc., No. 17-61151-Civ-TORRES, at *4 (S.D. Fla. June 3, 2019).  Here, it is highly likely that a jury may decide the case in an emotional manner rather than a rational basis when the Defense brings up dating violence and general violence allegations. Furthermore, the same could be said for the DUI charge and corresponding mugshot. Considering, the minimal probative value that the above-mentioned evidence may have it should  be excluded for being highly prejudicial.

### D. Plaintiff's, David Wilcox, medical records unrelated to Mr. Wilcox's services animal should be excluded as not being relevant.

The Plaintiff's claim for disability discrimination solely relates to the Defendants discriminating against him for having a service animal. His service animal is trained to alert to

6

blood pressure and heart issues. The defenses attempt to bring any medical records relating to any aspect of Plaintiffs health unrelated to this condition is irrelevant to his allegations made in the complaint. If the defense brought in medical records of the Plaintiff having a torn disc it would be irrelevant because there is no allegation that the service animal helped his torn disc. In Costa v. Sam's East, Inc., the court granted Defendants motion in limine forbidding the introduction of medical bills or treatment unless such evidence was proximately caused by the accident. Costa v. Sam's East, Inc., CIVIL ACTION 11-0297-WS-N, at *8 (S.D. Ala. Aug. 6, 2012). Therefore, in this case, the Plaintiff asks that his medical records and bills be excluded from evidence unless they have a casual nexus to his service animal.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with defendants counsel and all other affected counsel via zoom conference on August 16, 2022, in a good faith effort to resolve the issues raised in the Motion and has been unable to do so.

## CONCLUSION

For the set forth above, this Court should grant Plaintiff's, David Wilcox, motion in limine and prohibit the defendants from introducing into evidence any testimony or evidence related to the arrest for Driving While Under the Influence and the corresponding mugshot; 911 call Offense Report (Case No. 21114150; Petition for Injunction for Protection Against Dating Violence (Case No. 50-2022-DR-002828-XXXX-MB); and all medical records unrelated to Mr. Wilcox's service

animal.

Counsel for the moving party hereby certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith to resolve the issues raised in the motion and has been unable to do so. All defendants objected to the relief requested.

RESPECTFULLY SUBMITTED,

/s/Neil Tygar
 Neil Bryan Tygar, P.A.
Counsel for Plaintiff
5341 W. Atlantic Ave. #303
Delray Beach, FL 33130
Tel:    561-455-0280 Ext. 11
Fax:    561-455-0281
Cell:    561-305-5214
ntygar@me.com
neiltygarlaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed August 17th, 2022, with the Southern District of Florida using the CM/ECF e-filing Portal and served by an automatic email generated by the Florida Courts e-filing portal.

Neil Bryan Tygar, P.A.
Attorneys for Plaintiff
David Wilcox
By: /s/ Neil B. Tygar
Neil Tygar
Executive Square Plaza
5341 West Atlantic Avenue, Suite 303

8

Delray Beach, FL 33484
561-455-0280 Phone
561-305-5214 Cellular Phone
561-455-0281 Fax
Florida Bar No. 0911100
**Primary E-Mail Address:**    ntygar@me.com

**Secondary E-Mail:**    neiltygarlaw@gmail.com