**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division

Case Number 9:21-cv-81565-DMM

WILLIAM DAVID WILCOX, JR., a/k/a DAVID WILCOX, an
individual, and MEGAN DANIELLE LUCHEY, an individual,

    Plaintiffs,
v.
LA PENSEE CONDOMINIUM ASSOCIATION, INC., a Florida
Not-For-Profit Corporation, MARY McFADDEN, an individual,
MAC RESIDENTIAL SERVICES, LLC, a Florida Limited Liability
Company, and DAVID WOLFF a/k/a DAVID WOLF, an individual,

    Defendants.
_____/

**DEFENDANT DAVID WOLF'S STATEMENT OF MATERIAL, UNDISPUTED FACTS
IN SUPPORT OF MOTION FOR FINAL SUMMARY JUDGMENT**

    COMES NOW, Defendant, DAVID WOLF ("Wolf"), by and through his undersigned counsel, and pursuant to Local Rule 56.1, hereby files his Statement of Facts in Support of his Motion for Final Summary Judgment against the First Amended Complaint [D.E. 152].

    1.    On or about January 25, 2021, Wilcox commenced his tenancy in Unit 303 at La Pensee located at 4000 South Ocean Boulevard, South Palm Beach, FL 33480. *See* Exhibit "A" August 8, 2022 Deposition of William Wilcox, Jr 24:12-18.[1]

    2.    La Pensee 303, LLC is the landlord and owner of Unit 303. *See* Exhibit "B" April 26, 2022 Deposition of Valerie Manzo 9:2-15.

    3.    Wolf has been on the La Pensee Board of Directors since 2019. *See* Exhibit "C" *La Pensee Annual Reports*.

---

[1] Wolf is filing only the relevant excerpts of deposition testimony and relying on the Notice of Filing Supportive Evidence being contemporaneously filed by Co-Defendants, Mary McFadden and MAC Residential Management Services, LLC, for the transcripts in their entirety to avoid duplicative filings.

4. The Association is currently governed by a five (5) person Board of Directors and at all times shall be managed by a Board consisting of not less than three (3) nor more than five (5) directors. *See* Exhibit "D" Article V Section 5.1 of La Pensee's Governing Documents.

5. The only allegations specifically against Wolf in the First Amended Complaint [D.E. 94] include:

> "On or about February 10, 2021, as Megan was exiting the Building's elevator, Wolff got in Megan's face, and yelled 'niggers don't belong here!'" *See* First Amended Complaint at ¶ 57.
>
> "Megan relayed Wolff's disgusting statement to Deputy Hul, and while Hul said such was obviously offensive, no crime had been committed." *Id* at ¶ 76.

6. Wolf denies such claims and accusations and has from the beginning of the lawsuit. [D.E. 136]

7. On August 3, 2022, Luchey dismissed her claims against Wolf and the Association *with prejudice*. [D.E. 140].

8. During Wilcox's recent August 8, 2022, deposition, he testified:

> Q: So your position here is that the association acted against you because you had a service animal by the name of Zeus and Ms. Luchey was African American correct—or is African American?
> A: **She asserted—she asserted her claim; I asserted my claim, correct**.
> Q: So your claim is that they tried to remove Zeus, your service dog; that's your claim?
> A: **Correct.**
> Q: Okay. And Ms. Luchey's claim is that they retaliated against her because she is African American, correct?
> A: **That's her claim. That's what it states, but that's her claim. I'm not to comment on that**.
>
> *See* Exhibit "A" August 8, 2022 Deposition of William Wilcox, Jr 56:2-15

9. Furthermore, Wilcox testified that he was not present during the alleged incident with Wolf and Luchey:

Q: Okay. Who was in the elevator when the—when Mr. Wolf, allegedly, stated to Ms. Luchey this derogatory remark, the "N" word?
A: **Wolf and Luchey**
Q: Okay. You were not—
A: **It says it right there.**
Q: Yeah, that's all I'm asking; you were not there?
A: **Right**.

*Id* at 96:12-20

10. Moreover, Wilcox testified that he was not the one who called the police about the alleged incident between Wolf and Luchey:

So it's—it says here that 2/24/2021, at approximately 1334 hours, I was dispatched to a complaint of neighbor troubles at 4000 South Ocean Boulevard, South Palm Beach, Palm Beach County, Florida, 33480.

   That's the address for La Pensee Condominium Association, correct?
A: **Correct.**
Q: The complainant, David William—I'm sorry, the complainant, William Wilcox, stated he wished to speak to a deputy regarding racial slurs made by other residents towards him.
   Is that what it says?
A: **Correct.**
Q: Okay. Who made racial slurs towards you?
A: **I don't know how that's written that way. I didn't have a racial slur made towards me.**
Q: Okay. Nobody ever made a racial slur towards you, right?
A: **No. They were made towards Megan Luchey, who informed me of them, for her being African American.**

*Id* at 102:23-103:18

11. During Plaintiff Wilcox's deposition the following testimony was elicited:

Q. So you were calling on behalf of Ms Luchey to report the incident that allegedly took place between Ms. Luchey and Mr. Wolf, correct?
A. **No.**
Q: You were not. Okay. So tell me what—what is in—what I'm getting that is incorrect here about what's stated in this report.

> A: **Ms. Luchey called and bridged me onto the phone, and I was the one in the unit when the police came out. And we called Ms. Luchey from the dining room table with the Deputy Hul and I believe the sergeant, some sort; it was two police officers, that said, you know, although this is terrible, blah, blah, blah, you know, we can't really do anything about it, first amendment rights or some—something like that, and, said, the owner—**
> **Now, this was Megan saying, actually. The owner said we needed to document it with the police, and that's what we were doing.**
> Q: Okay. So what I'm getting wrong, according to you, is that it wasn't you, the one that called; it was Ms. Luchey, allegedly, the one that called, correct?
> A: **Correct.**
> Q: Okay. And she happened to be out of the apartment at the time the police arrived, but you were there?
> A: **Correct. She had gone to—I think she had gone to work, I think, so I was the one that was there. It was a nonemergency type, one of those situations. I think it was a couple hours or something before they came.**
> Q: And you guys got her on the phone, You and the police officer got her on he phone to discuss the incident?
> A: **Yes, sir**.
>
>    Id at 104:4-105:13

12. Furthermore, Wilcox's service dog, Zeus, has lived with Plaintiff the entire

    time he has resided in Unit #303 at La Pensee:

    Q: Okay. Zeus has been with you since January 2021 at unit 303 at La Pensee Condominium, correct?
    A: **Correct.**
    Q: Okay. You've never been without Zeus at unit 303 at La Pensee Condominium?
    A: **Correct.**

       Id at 162:20-163:1.

13. Zeus is a 70-pound Doberman Pinscher. *See* Exhibit "E" May 4, 2022 Deposition

    of Megan Luchey 185:7-8.

14. Wilcox continues to reside in Unit 303:

    Q: Can you tell me, what is your current address where you reside?
    A: **Where I reside, 4000 South Ocean Boulevard, Unit 303, South Palm Beach, Florida 33480.**

> *See* Exhibit "A" August 8, 2022 Deposition of William Wilcox, Jr at 23:12-15.

15. The state court eviction claim brought by the Association captioned, *La Pensee Condominium Association, Inc. v. La Pensee 303, LLC, William David Wilcox, Mark McFaddon, and Megan Danielle Luchey*, bearing Palm Beach County Circuit Court Case No.: 50-2021-CA-009343 (the "State Court Action"), details allegations of nuisance and safety and health risks posed by Wilcox to the community. *See generally* Exhibit "F" Second Amended Complaint in the State Court Action.

16. For example, it states:

    > ILLEGAL OCCUPANT has tormented an entire community for 6 months. ILLEGAL OCCUPANT is aggressive, threatening and harassing to other residents, board members and staff. His conduct interferes with the operations of the condominium. He has chased Board Members on the property, as well as residents. He uses foul language and is abusive to the residents, the Board of Directors, the manager and staff of the Association. He demands items he is not entitled to as a tenant. For example, he demanded that a staff member provide copies of camera video, despite the fact that he is not entitled to it. The staff member felt threatened as ILLEGAL OCCUPANT berated him and threatened him if it was not provided.
    >
    > This is evidenced by the Police Reports attached hereto as Composite Exhibit "H."

    *Id* at ¶¶ 18, 19.

17. The State Court Action is still pending and the Court has not adjudicated any of the claims asserted in the case by any of the parties. *See the Wilcox State Court* docket sheet attached hereto as Exhibit "G."

18. On March 31, 2022, someone claiming to be Luchey filed a petition for injunction for protection against dating violence against Wilcox ("Dating Violence

Complaint"). *See* Exhibit "E" May 4, 2022 Deposition of Megan Luchey 13:11-14:4.

19. In the Dating Violence Complaint, someone claiming to be Luchey alleged that Wilcox broke into her residence via a dog door at 371 Winters Street, West Palm Beach, FL 33405. *Id*.

20. Additionally, someone claiming to be Luchey referenced in the Dating Violence Complaint references prior abuse in October 2021 and describes that Wilcox abuses drugs and alcohol. *Id.*

21. Also, someone claiming to be Luchey referenced in the Dating Violence Complaint that Wilcox frequently calls Luchey the "N" word. *Id.*

22. The Dating Violence Complaint was subsequently dismissed by someone claiming to be Luchey. *Id.*

Respectfully submitted,

*/s/ Andrew J. Marchese*
**ANDREW J. MARCHESE**
Florida Bar Number: 061931
**JOELLE J. VOGEL**
Florida Bar Number: 1002659
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
2400 East Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
T: (954) 847-4920; F: (954) 627-6640
ajmarchese@mdwcg.com
jjvogel@mdwcg.com
mdlincoff@mdwcg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **August 17, 2022**, I e-mailed or mailed the foregoing document to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Andrew J. Marchese*
ANDREW J. MARCHESE

**Neil B. Tygar, Esq.**
Neil Bryan Tygar, P.A.
5341 West Atlantic Ave., Suite 303
Delray Beach, FL 33484
ntygar@me.com; neiltygarlaw@gmail.com

**Kenneth C. Terrell, Esq.**
The Strategic Legal Group, LLP
150 E. Palmetto Park Road, Suite 800
Boca Raton, FL 33432
kcterrell@bellsouth.net

**Andrew Kemp-Gerstel, Esq.**
**Michael D. Starks, Esq.**
Liebler, Gonzalez & Portuondo
44 West Flagler Street
Miami, FL 33130
akg@lgplaw.com; mkv@lgplaw.com;
mds2@lgplaw.com

**David B. Israel, Esq.**
**Eric J. Israel, Esq.**
Israel & Israel & Associates, P.A.
6099 Stirling Road, Suite 211
Davie, FL 33314
disrael@israellawfl.com;
ejisrael@israellawfl.com;
israellawfl@gmail.com