UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CASE NO.: 9:21-cv-81565-DMM

WILLIAM DAVID WILCOX, JR., a/k/a DAVID WILCOX, an
individual, and MEGAN DANIELLE LUCHEY, an individual,

   Plaintiffs,
v.
LA PENSEE CONDOMINIUM ASSOCIATION, INC., a Florida
Not-For-Profit Corporation, MARY McFADDEN, an individual,
MAC RESIDENTIAL SERVICES, LLC, a Florida Limited Liability
Company, and DAVID WOLFF a/k/a DAVID WOLF, an individual,

   Defendants.
_____/

**DEFENDANTS, LA PENSEE CONDOMINIUM ASSOCIATION, INC. & DAVID WOLF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO ALLEGED DISCRIMINATION BASED ON MEGAN LUCHEY'S RACE**

COMES NOW, Defendants, LA PENSEE CONDOMINIUM ASSOCIATION, INC. (the "Association" and/or "La Pensee") and DAVID WOLF (collectively "Wolf"), by and through their undersigned counsel, hereby move *in limine*, pursuant to Federal Rules 403, 404, and 802, and Local Rule 7.1, to preclude the use by Plaintiff, WILLIAM DAVID WILCOX JR. ("Wilcox"), of of alleged evidence related to an alleged racial slur purportedly directed Wolf to former Plaintiff Luchey ("Luchey"). For cause, the Association and Wolf state as follows:

**INTRODUCTION**

Plaintiff Wilcox has two pending claims in the Amended Complaint (DE 94) alleging (1) retaliation in violation of the Fair Housing Act ("FHA") and (2) interference, coercion, or intimidation in violation of § 760.37 of the Florida Statutes (Florida FHA).[1] These allegations

---

[1] Wolf and the Association are also moving for summary judgment on Wilcox's claims contemporaneously herewith, and this motion *in limine* is filed in the alternative.

stem from Wilcox's tenancy at Le Pensee and his assertion that he and Luchey were being discriminated against by the Defendants on the basis of Luchey's race and Wilcox's service animal. Wilcox is Caucasian and Luchey is African American. *See* Wilcox August 8, 2022 Federal Court Depo. 56:2-15.  Luchey, however, has dismissed her claims *with prejudice*. [D.E. 119, 128].

Primarily, Plaintiffs' allegations related to racial animus stem from an alleged incident between Luchey and 80 year-old Wolf, a board member of the Association, in which Luchey alleged that, on or about February 10, 2021, as Luchey was exiting the elevator in the Building, 80-year-old David Wolf called Luchey the "N" word. *See* First Amended Complaint [D.E. 94] at ¶¶ 57, 58. Wilcox was not present and did not hear this directly from Wolf, but from Luchey. *See See* Exhibit "A" August 8, 2022 Deposition of David Wilcox 96:12-20. Luchey contacted the police to report the incident two weeks later. *Id* at 102:23-103:18; 104:4-105:13.

Wilcox's claim is related to the service dog Zeus, whereas Luchey's now-dismissed claims were related to her race. *See* Wilcox August 8, 2022 Federal Court Depo.. 56:2-15.  Luchey dismissed her claims against the the Association and Wolf *with prejudice* on July 21, 2022. Therefore, only Wilcox's claims in the First Amended Complaint [DE 94] remain.

As Wilcox was not present when Wolf allegedly made the racial slur, Wilcox cannot testify to it. More importantly, as there were no racial slurs made about Wilcox, any evidence related to the alleged racial slur about Luchey is unfairly prejudicial to the Wolf and the Association and would likely mislead the jury.

## STANDARD OF REVIEW

When determining the relevance of evidence to be produced at trial, district courts are prescribed wide discretion. The Federal Rules of Evidence provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of

Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. Relevant evidence is described as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if a party meets the threshold of relevancy, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury" under Rule 403.

## LEGAL ARGUMENT AND MEMORANDUM OF LAW

**A. David Wolf's Alleged Racial Slur Must Be Excluded Under Federal Rule of Evidence 802**

Under the Federal Rules of Evidence, "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). As a general rule, "[h]earsay is not admissible except as provided by these rules...." Fed. R. Evid. 802.

Wilcox was not present when Wolf allegedly uttered the racial slur but heard about it after the fact from Luchey. *See* Exhibit "A" 96:12-20. Here, David Wolf's alleged racial epithet about Luchey would constitute an out-of-court statement that would be offered for the truth of the matter asserted *i.e.* that Wolf directed a racial slur to Luchey.

Additionally, the statement neither falls under any exceptions nor would it be considered nonhearsay. Luchey has dismissed her claims *with prejudice* against the the Association and Wolf; therefore, the statement would no longer be considered a statement by a party opponent.

Thus, evidence regarding the racial slur should be excluded as hearsay.

**B. Wolf's Alleged Racial Slur Is Irrelevant to Wilcox's Claims and, If Introduced Would Be Unfairly Prejudicial and Confuse the Jury.**

Wilcox has never argued that any of the Defendants exhibited any racism towards him. Instead, he relies on Luchey's allegations related to a racial slur uttered by David Wolf about her. *See* Exhibit "A" 56:2-15; 96:12-20; 102:23-103:18; 104:4-105:13. However, Plaintiff Wilcox lacks standing to assert Luchey's now-dismissed claim. Plaintiff Wilcox has failed to demonstrate how he was injured based on the alleged discrimination against Luchey. *See Telesca v. Vill. of Kings Creek Condo. Ass'n*, 390 F. App'x 877, 880 (11th Cir. 2010) ("[T]he only requirement for standing to sue under [the FHA] is the Art. III requirement of injury in fact"). Here, it was solely Luchey who was injured by Wolf's alleged racial slur, and she has resolved with, and dismissed her claims against him. Therefore, the alleged racial animus against Luchey has no relevance to Wilcox's discrimination claim which is based on his alleged service dog, Zeus.

Additionally, and undoubtedly, the probative value of such evidence is substantially outweighed by the unfair prejudice to the Association and Wolf. Presenting the racial animus against Luchey as a basis to show discrimination against Wilcox would confuse the jury, as the jury would likely be misled about whether this was a discrimination claim brought by Wilcox or Luchey. Thus, such evidence should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury" under Rule 403

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to South District of Florida Rule of Civil Procedure 7.1(a)(3), I hereby certify that undersigned counsel conferred with Plaintiff's counsel, Neil Tygar, Esq. on an attempt to resolve the issue raised in this motion. Plaintiff Wilcox opposes the relief sought in this Motion.

## **CONCLUSION**

**WHEREFORE**, Defendant, LA PENSEE CONDOMINIUM ASSOCIATION, INC. and DAVID WOLF hereby request that this Honorable Court enter an order precluding Wilcox from using as evidence David Wolf's alleged racial slur about Luchey and grant such further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Andrew J. Marchese*
**ANDREW J. MARCHESE**
Florida Bar Number: 061931
**JOELLE J. VOGEL**
Florida Bar Number: 1002659
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
*Counsel for La Pensee Condominium*
*Association, Inc., and*
*David Wolff a/k/a David Wolf*
2400 East Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
T:  (954) 847-4920; F:  (954) 627-6640
ajmarchese@mdwcg.com; jjvogel@mdwcg.com;
mdlincoff@mdwcg.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this **August 17, 2022**, I e-mailed or mailed the foregoing document to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                 */s/ Andrew J. Marchese*
                 ANDREW J. MARCHESE

**Neil B. Tygar, Esq.**
Neil Bryan Tygar, P.A.
5341 West Atlantic Ave., Suite 303
Delray Beach, FL 33484
ntygar@me.com; neiltygarlaw@gmail.com

**Kenneth C. Terrell, Esq.**
The Strategic Legal Group, LLP
150 E. Palmetto Park Road, Suite 800
Boca Raton, FL 33432
kcterrell@bellsouth.net

**Andrew Kemp-Gerstel, Esq.**
**Michael D. Starks, Esq.**
Liebler, Gonzalez & Portuondo
44 West Flagler Street
Miami, FL 33130
akg@lgplaw.com; mkv@lgplaw.com; mds2@lgplaw.com

**David B. Israel, Esq.**
**Eric J. Israel, Esq.**
Israel & Israel & Associates, P.A.
6099 Stirling Road, Suite 211
Davie, FL 33314
disrael@israellawfl.com;
ejisrael@israellawfl.com;
israellawfl@gmail.com