UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 21-cv-81565-DMM

WILLIAM DAVID WILCOX, JR., a/k/a DAVID WILCOX, an individual, and MEGAN DANIELLE LUCHEY, an individual,

    Plaintiffs,

v.

LA PENSEE CONDOMINIUM ASSOCIATION, INC., A Florida Not-For-Profit Corporation, MARY MCFADDEN, an individual, MAC RESIDENTIAL MANAGEMENT SERVICES, LLC, a Florida Limited Liability Company, and DAVID WOLFF a/k/a DAVID WOLF, an individual,

    Defendants.
_____/

**DEFENDANTS MAC RESIDENTIAL MANAGEMENT SERVICES, LLC, MARY MCFADDEN, LA PENSEE CONDOMINIUM ASSOCIATION, INC. AND DAVID WOLF'S JOINT RESPONSE TO PLAINTIFF WILLIAM DAVID WILCOX'S MOTION FOR EXTENSION OF TIME [DE 151].**

Defendants, MAC RESIDENTIAL MANAGEMENT SERVICES, LLC ("Defendant MAC"), MARY McFADDEN ("Defendant McFadden"), LA PENSEE CONDOMINIUM ASSOCIATION, INC. ("Defendant Association") and DAVID WOLF ("Defendant Wolff") (collectively, the "Defendants"), by and through their respective undersigned counsel, pursuant to the Court's Paperless Order Expediting Briefing [DE 160], hereby file this Joint Response to Plaintiff's Motion for Extension of Time [DE 151], for cause stating as follows:

1. Defendants and their respective counsel each maintain voluminous files related to this suit. As stored and maintained by Defendants' counsel, the respective files contain thousands of pages of documents and materials, many containing work product, attorney-client, and other

confidential materials. While Defendants are sympathetic to Plaintiff's new counsel's frustrations related to his apparent inability to obtain some or all of Plaintiff's prior counsel's files, that frustration derives entirely from Plaintiff's dispute with his prior counsel. Defendants' counsel share no blame for that dispute and should not have to bear the burden (estimated at more than 20 cumulative man-hours of work) necessary to review their respective files and undertake the significant task (both in terms of necessary attorney review of materials and office staff copying/uploading of materials) required to reproduce materials to Plaintiff

2. Upon information and belief, in or about June 2022, Plaintiff parted ways with his prior counsel, Richard Lubliner, Esq. (DE 84). It was not until August 2022 that Plaintiff William David Wilcox ("Plaintiff") retained new counsel in this matter. Neil Tygar, Esq. made his appearance on August 7, 2022, in this action on behalf of Plaintiff (DE 143).

3. When Mr. Tygar made his appearance in this action, the previously imposed Court ordered deadlines were known to Plaintiff and his new counsel, and the Court's advisement of its intention to strictly adhere to such Court set deadlines. *See* Order on Plaintiff's Motion to Extend Trial Date [DE 145].

4. The Court imposed strict deadlines for the Parties to file dispositive motions on or before August 17, 2022 (DE 129). When Mr. Tygar made his appearance in this action for Plaintiff, this deadline was known to Plaintiff and that the Court intended the Parties to strictly adhere to the Court's scheduling deadlines.

5. It was not until August 15, 2022, (a week after Mr. Tygar's appearance in this action) that Mr. Tygar contacted Defendants' counsel and asked if defense counsel could reproduce their entire files to Plaintiff because Plaintiff's prior counsel, Mr. Lubliner, has apparently refused to turn over his file to Mr. Tygar or Plaintiff. Based on statements from Plaintiff and his new counsel, Mr. Lubliner has refused to turn over his litigation file to Mr. Tygar due to a dispute between Mr. Lubliner and Plaintiff over unpaid legal fees or other monetary disputes.

6. On August 16, 2022, Mr. Israel and Mr. Marchese (Mr. Starks and Mr. Israel previously spoke and Mr. Starks, as co-counsel for Defendant MAC Residential Management Services, LLC authorized Mr. Israel to speak on behalf of the common client as Mr. Starks was unavailable for the conference) had a meet and confer conference with Mr. Tygar and advised that they did not have the available time or man-power to go through their respective voluminous files in this litigation to reproduce to Plaintiff all discovery responses, records produced during discovery, and other materials or documents in this action, which all were previously produced to Plaintiff during the course of this litigation. The compliance with such a request would require defense counsel to expend a substantial amount of time, when these materials were already produced to Plaintiff during the course of this litigation. As stored by Defendants' counsel, the respective files contain thousands of pages of documents and materials, many containing work product, attorney-client, and other confidential materials.

7. While Plaintiff argues that he has been prejudiced by not having these records, documents, filings, and materials, any such prejudice is Plaintiff's own doing for any failure to compensate his prior counsel, or such prejudice is solely created by Mr. Lubliner's for his refusal to turn over his litigation file for this action to Mr. Tygar or Plaintiff. None of the Defendants have caused any of the prejudice that is argued in Plaintiff's Motion for Extension of Time [DE 151], but yet the request set forth therein would cause prejudice to the Defendants by requiring Defendants' counsel to devote substantial time and effort to recreate the documents and files that have already been produced in this action.

8. Counsel for Defendants have opposed Plaintiff's request for an extension of time to extend the scheduling deadline to file dispositive motions as the Court has set strict deadlines, which were adhered to by Defendants, but Plaintiff has failed to take diligent efforts to comply with the Court's deadlines.

9. Moreover, Plaintiff has sought in his Motion for Extension of Time [DE 151] for the Court to enter an Order compelling Defendants to re-provide all materials previously served or delivered to Plaintiff's counsel, but such request is highly prejudicial to Defendants. As stated above, and set forth in Plaintiff's Motion [DE 151], Defendants already produced all of these records, documents and materials to Plaintiff during the course of this litigation. Plaintiff fails to cite to any legal authority that would require Defendants to undertake substantial time to reproduce such materials to Plaintiff, when all these materials were previously produced to Plaintiff during the course of this action. There is no argument or request for production of records that were requested by Plaintiff during this action and not produced, but rather a request for Defendants to undertake a substantial effort to basically recreate their entire litigation files (from an action that has been pending roughly one year) to re-produce to Plaintiff, because Plaintiff has a dispute with his prior counsel, monetarily or otherwise, and Mr. Lubliner purportedly refuses to turn over his litigation file to Plaintiff or his new counsel.

10. If the Court is inclined to take any such action regarding this issue, it should be directed to prior counsel for his apparent failure or refusal to turn over his litigation file to his former client, as any prejudice Plaintiff is suffering is either based on his own doing or that of Mr. Lubliner.

11. Any extension of the Court set deadlines for filing dispositive motions would prejudice Defendants and create an undue advantage to Plaintiff as Plaintiff has now had an opportunity to review all of Defendants' timely filings and would thereafter have an opportunity to tailor his arguments to what has already been filed by Defendants. Additionally, as a result of Defendants' dispositive motion filings, Plaintiff now has the advantage of having received copies of all deposition transcripts in this action (DE 150).

12. As to Plaintiff's request for an extension of time to respond to Defendants' dispositive motion filings, Defendants do not object to a short extension for Plaintiff to file responses to such motions, if the Court is so inclined to allow.

WHEREFORE, Defendants MAC, McFadden, Association and Wolf seek for this Court to enter an Order denying Plaintiff's request for extension of time as requested in Plaintiff's Motion for Extension of Time [DE 151], except as otherwise stated herein.

Respectfully submitted,

*/s/ David B. Israel*
DAVID B. ISRAEL
Florida Bar No. 0984078
Email: disrael@israellawfl.com
**ISRAEL, ISRAEL & ASSOCIATES, P.A.**
6099 Stirling Road, Suite 211
Davie, FL 33314
Telephone: (954) 495-8602
Facsimile: (954) 495-4770

*/s/ Michael D. Starks*
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
Email: akg@lgplaw.com
Secondary Email: mkv@lgplaw.com
MICHAEL D. STARKS
Florida Bar No. 0086584
Email: mds2@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626

*/s/ Andrew J. Marchese*
ANDREW J. MARCHESE
Florida Bar No.: 061931
Email: ajmarchese@mdwcg.com
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
2400 E. Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
Telephone: (954) 847-4920
Facsimile: (954) 627-6640

- 6 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of August, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ David B. Israel*
DAVID B. ISRAEL