UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:21-CV-81565-DMM

WILLIAM DAVID WILCOX JR. a/k/a
DAVID WILCOX, an individual,

    Plaintiff,

v.

LA PENSEE CONDOMINIUM ASSOCIATION, INC., a Florida Not-For-Profit Corporation, MARY MCFADDEN, an individual, MAC RESIDENTIAL MANAGEMENT SERVICES, LLC, A Florida Limited Liability Company, and DAVID WOLFF a/k/a DAVID WOLF, an individual,

    Defendants.
_____/

## DEFENDANTS MARY MCFADDEN AND MAC RESIDENTIAL MANAGEMENT SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN *LIMINE*

Defendants Mary McFadden ("McFadden") and MAC Residential Management Services, LLC ("MAC," collectively "MAC Defendants"), by and through undersigned counsel, hereby respond in opposition to Plaintiff's Motion in *Limine* [DE 154], and state as follows:

### INTRODUCTION

Plaintiff, David Wilcox, has two pending counts[1] in the Amended Complaint (DE 94) against the MAC Defendants: (1) retaliation in violation of the Fair Housing Act ("FHA"), and (2) interference, coercion, or intimidation in violation of § 760.37 of the Florida Statutes ("Florida

---

[1] The MAC Defendants settled their claims with Plaintiff. However, as the parties have not yet filed their closing documents, the MAC Defendants are filing this Response in compliance with the Court's Order [DE 165].

FHA"). These allegations stem from Plaintiff's assertion that he and Megan Luchey ("Luchey")[2] were being discriminated against by Defendant La Pensee Condominium Association ("Association"), its board members, and MAC (owned by McFadden), which was the Association's property manager, based on Plaintiff Luchey's race and Plaintiff Wilcox's service dog. Wilcox is Caucasian and Luchey is African American. Wilcox Federal Court Depo. 56/2-15.

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; *United States v. Patrick*, 513 Fed.Appx. 882, 886 (11th Cir. 2013).

## LEGAL ARGUMENT

### A. *The Plaintiff's Medical Records Are Relevant to Plaintiff's Emotional Distress Damages Claims.*

Plaintiff argues that this Court should preclude the MAC Defendants from introducing the Plaintiff's medical records unrelated to his service dog because they are allegedly irrelevant to Plaintiff's FHA claims and the risk of prejudice would outweigh their probative value. Mot. 5-7.

The Court has already compelled Plaintiff to produce psychological and medical records because they *are* relevant. [DE 129 at p. 5-6]. Plaintiff has put his mental and physical condition in controversy by filing emotional distress claims. *See Ali v. Wang Laboratories. Inc.*, 162 F.R.D. 165, 168 (M.D. Fla. 1995) (allegation of severe and permanent psychological damage sufficient to place mental condition in controversy); *Ortiz-Carballo v. Ellspermann*, 5:08-CV-165-OC-10GRJ, 2009 WL 961131, at *2 (M.D. Fla. Apr. 7, 2009) ("Generally, in order to obtain psychiatric records, the party requesting the records must show that the plaintiff has placed her mental condition "in controversy" and there is "good cause" for production of the records."

---

[2] Luchey has dismissed her claims against the MAC Defendants with prejudice. (DE 119, 128).

Plaintiff has continuously asserted that the greatest stressors at all relevant times were his issues with the Association. However, the medical records show that there were contributing stressors such as his high-stress job, back issues, health problems, etc. at the time of Plaintiff's issues with the Association. Therefore, these medical records are undoubtedly relevant to Plaintiff's claims against the MAC Defendants.

### B. *The Dating Violence Complaint, the DUI Arrest Records, and the 911 Call Report Are Relevant to Plaintiff's Emotional Distress Damages Claims*

On March 31, 2022, someone claiming to be Luchey filed a petition for injunction for protection against dating violence against Plaintiff ("Dating Violence Complaint"). That someone claiming to be Luchey referenced in the Dating Violence Complaint prior abuse by Plaintiff Wilcox in October 2021. Luchey Depo. 13/11—14/4 & Exh. 1 (Bates-Stamp 11). Also, that someone claiming to be Luchey referenced in the Dating Violence Complaint asserted that Plaintiff Wilcox frequently calls Luchey the "N" word. Luchey Depo. 13/11—14/4 & Exh. 1 (Bates-Stamp 11). Also, in that Dating Violence Complaint, someone claiming to be Luchey asserts that Wilcox has alcohol and substance abuse problems. Obviously, these issues are relevant to emotional distress and the MAC Defendants' expert will so testify. Thus, the Dating Violence Complaint is relevant to Plaintiff's alleged emotional distress damages.

This is particularly so when Plaintiff's allegations related to racial animus stem from an incident between Luchey and 80-year-old, David Wolf, a board member of the Association, in which Luchey alleged that, on or about February 10, 2021, as Luchey was exiting the elevator in the Building, 80-year-old David Wolf called Luchey the "N" word. Luchey Depo. 146/17—147/8. Plaintiff did not hear David Wolf use the racial slur, as he was not present, and it was not directed at him. Wilcox State Court Depo. 93/25-94/13; Wilcox Federal Court Depo. 96/12-97/18, 98/3-5. Thus, these claims are targeted in a motion for summary judgment and motion in limine. However,

should the slur claim survive such motions, MAC Defendants' expert will rely on the Dating Violence Complaint on this point, and it is undoubtedly relevant to emotional distress damages. If Wilcox routinely calls Luchey the "N" word, that would certainly be relevant to the concept of habituation for both her and him.

Similarly, the 911 Call Report referenced by Plaintiff is a police report filed by Luchey's father allegedly because Plaintiff Wilcox threatened to kill him. Obviously, this goes to emotional distress, as does the DUI Arrest.

Thus, Plaintiff's argument fails, as this evidence is highly relevant to Plaintiff's emotional distress claims.

C. *Rule 403 Does Not Preclude the Evidence.*

A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 Fed.Appx. at 886 (citing *United States v. Lopez,* 649 F.3d 1222, 1247 (11th Cir. 2011) and *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

The Petition for Injunction Against Dating Violence is highly relevant to Plaintiff's allegations, as it provides further support that the Association wanted to evict Wilcox due to his erratic and threatening behavior—not because of Luchey's race or Plaintiff's service dog. Examples of such evidence supporting the Association's rationale include (1) Liza Dunn's statement to McFadden that Plaintiff and Mark McFaddon were "totally out of control" and had

vomited all over balcony (McFadden Depo. 122/12 –123/25) and (2) Todd Davis's testimony that Plaintiff had confronted 80-year-old David Wolf, got in his face and started screaming and shouting at him as Mr. Wolf was walking his dog out of the front gate of the Building (Davis Depo. 16/23—17/3). As the Dating Violence Complaint, the 911 Call Report, and the DUI Arrest Records further supports the Association's rationale, there is also no risk to Plaintiff of unfair prejudice.

Additionally, the Court can address any unfair prejudice with cautionary jury instructions.

## CONCLUSION

Thus, this Court should deny Plaintiff's motion in *limine* as to the Plaintiff's medical records, the Dating Violence Complaint, the 911 Call Report, the Plaintiff's DUI arrest records, are all relevant to Plaintiff Wilcox's emotional distress claims.

WHEREFORE, the MAC Defendants, respectfully request this Court enter an order denying Plaintiff's Motion in *Limine*.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of August 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF, and on pro se Plaintiffs by email.

Respectfully submitted,

**ISRAEL, ISRAEL & ASSOCIATES, P.A.**
Attorneys for Defendants Mary McFadden and MAC Residential Management Services, LLC
6099 Stirling Road | Suite 211
Davie | FL 33314
Telephone:   (954) 495-8602
Facsimile:   (954) 495-4770
www.israellawfl.com

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

By: s/*David B. Israel*
David B. Israel
Florida Bar No.: 0984078
disrael@israellawfl.com
Eric J. Israel
Florida Bar No.: 1003655
ejisrael@israellawfl.com
israellawfl@gmail.com

*/s/ Michael D. Starks*
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
Email: akg@lgplaw.com
Secondary Email: mkv@lgplaw.com
MICHAEL D. STARKS
Florida Bar No. 0086584
Email: mds2@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626